[Civ. No. 2427. Fourth Appellate District.—February 9, 1940.]

MARY STROH, an Incompetent Person, etc., Appellant, v. N. W. BAUMAN, Respondent.

Russell S. Waite and Kelley & Hews for Appellant.

George H. Moore and Hugh B. Rotchford for Respondent.

MARKS, J.—This is an appeal from a judgment entered on the verdict of a jury in favor of defendant in an action for damages for injuries suffered by plaintiff as a result of having been struck by defendant's automobile and thrown to the pavement. The collision occurred at or near the intersection of Lime and Seventh Streets in the city of Riverside. ■ Plaintiff has also attempted to appeal from the order denying her motion for new trial. Such an order is not appealable. (Sec. 963, Code Civ. Proc.)

Lime and Seventh Streets intersect at right angles with the latter running east and west. A pedestrian lane was marked

across Seventh Street in prolongation of the easterly curb and property lines of Lime Street.

Plaintiff, and three disinterested witnesses, testified that at about 7 o'clock on the evening of November 7, 1937, she was crossing Seventh Street from south to north in the pedestrian lane just mentioned. Two of these disinterested witnesses testified that they saw the automobile driven by defendant traveling east on Seventh Street; that it ran into plaintiff while she was in this pedestrian lane; that the impact hurled her twenty-five or more feet to the east where she landed on the pavement. Plaintiff and two of these witnesses testified that she looked to the east and to the west for approaching traffic before stepping into the roadway of Seventh Street.

The foregoing evidence is contradicted by the testimony of defendant. His story was that after he had crossed the intersection and the pedestrian lane a number of feet and was proceeding at not more than twelve miles an hour with the headlights of his automobile illuminated, plaintiff suddenly appeared a foot, or slightly more than a foot, in front of his automobile; that he could not stop in time to prevent hitting her.

While it appears to us from a study of the record that there is a great preponderance of the evidence supporting plaintiff's contention that she was hit in the pedestrian lane, still the jury evidently believed the story of defendant that she was crossing Seventh Street some distance east of the pedestrian lane and was outside of it when hit. Further, the trial judge was sitting as a thirteenth juror when hearing the motion for new trial, and as such thirteenth juror, weighed the evidence and placed his stamp of approval on defendant's testimony. There is nothing inherently improbable in the description of the accident as given by defendant. It could have happened exactly as he described it. Therefore, as the jury and the judge accepted the testimony of defendant as true, we are required to conclude that we have here a simple case of a conflict in the evidence which the triers of fact have resolved against plaintiff. Under such circumstances our opinion on the weight of the evidence can be of no assistance to either party.

Plaintiff complains of an instruction on the imminent peril rule in which was omitted the important element that a

defendant must himself be free from negligence before he can avail himself of that rule. (*Neff* v. *United Railroads of San Francisco,* 188 Cal. 722 [207 Pac. 243]; *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066]; *Lindley* v. *Southern Pac. Co.,* 18 Cal. App. (2d) 550 [64 Pac. (2d) 490].)

Under the record before us we cannot regard this erroneous instruction as prejudicial because we cannot see how it could have had any bearing on the verdict, as both the jurors and the trial judge accepted the testimony of defendant as true in its entirety and rejected the evidence of all of the other witnesses to the accident. According to defendant, plaintiff suddenly appeared on the pavement about one foot in front of his automobile, so close that he had neither time nor opportunity to do anything to avoid the collision. While the sudden peril rule would seem to have no application under such circumstances, still they do not point to any act or omission on the part of defendant that could constitute negligence.

Should we assume that the verdict in favor of defendant was based on an implied finding of the contributory negligence of plaintiff in not looking for approaching traffic after she entered the roadway of Seventh Street, which she admittedly failed to do, we could not regard the erroneous instruction as prejudicial as the immediate peril rule could have little bearing on the defense of contributory negligence.

■ At the request of defendant the trial judge gave the following instruction:

"You are instructed that the presumption is that the defendant was innocent of wrong and also that he has obeyed the law, and the presumption in this case is that the defendant was traveling at a lawful rate of speed on the proper side of the street at all times and that his headlights complied with the law specified in the California Vehicle Code.

"These presumptions are in themselves a species of evidence and shall prevail and control your deliberations until and unless they are overcome by satisfactory evidence."

There has been some confusion in the decisions on the propriety of instructing the jury on the substance of section 1963, subdivision 4, of the Code of Civil Procedure. That confusion has been settled by the case of *Westberg* v. *Willde,* 14 Cal. (2d) 360 [94 Pac. (2d) 590]. That case holds that such an instruction should not be given where the party attempting to invoke it is still living and all circumstances are

proved and where "all possible facts both in favor of and against the alleged negligence of the plaintiff are before the court" because "it is difficult for us to perceive how any presumption as to his conduct can add to or detract from this evidence"; that it is in a case where a party has died that the presumption may come into play.

We conclude that the quoted instruction should not have been given. The same is true of an instruction given at the request of plaintiff which invoked the same presumption in her favor. In the Westberg case the Supreme Court remarked that the giving of such an instruction has been held to lack sufficient prejudice to cause a reversal of the judgment, citing *Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 Pac. 884], and *Tuttle* v. *Crawford,* 8 Cal. (2d) 126 [63 Pac. (2d) 1128]. In the Rogers case it was said:

"We question, however, whether this error was of so serious a nature as to justify a reversal of the judgment of the trial court. As already stated, the plaintiff and other witnesses produced by him, including the occupants of his car, testified in detail as to plaintiff's acts and conduct just prior to and at the time of the collision. Witnesses produced by the defendant gave their version of the collision, in which they testified as to the acts and conduct of the plaintiff in connection therewith. In the face of this direct and positive evidence it is hardly conceivable that the jury would have placed any great reliance, if any reliance at all, on any presumption as to plaintiff's conduct, even though they were told by the court that they might do so."

We therefore conclude that the giving of the instruction was not sufficiently prejudicial to cause a reversal of the judgment, especially since a similar error was committed in favor of plaintiff and at her request.

The judgment is affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Griffin, J., concurred.