[L. A. No. 25048.   In Bank.   Nov. 14, 1958.]

ELLA S. LAIRD, Respondent, v. T. W. MATHER, INC.
(a Corporation), Appellant.

Moss, Lyon & Dunn, Sidney A. Moss and Henry F. Walker for Appellant.

Adams, Duque & Hazeltine and James S. Cline for Respondent.

TRAYNOR, J.—While descending the stairway to the basement of defendant's store, plaintiff, a 79-year-old woman whose health and eyesight were good, fell on the bottom step and suffered a broken hip. A photograph of the stairway taken from the basement (defendant's Exhibit B, reproduced on next page) shows the stairway as it was on the day of the accident except that in addition to the handrails there was a rail on each side of the stairwell on the wings where the brackets appear. The handrail terminated approximately a step and a half short of the full length of the stairway. In this action for damages plaintiff testified that she used the handrail for support, that when she reached the end of the

handrail she assumed that she had reached the bottom of the stairs, and that she then stepped forward and fell. At the trial, which was held four years after the accident, she testified at one time that she could not remember where she was looking when she fell and at another time that she was looking out into the lighted basement. Wares were on display in the basement in front of the stairs. Plaintiff testified that she did not recall looking at any particular display, but defendant's traffic manager testified that after the accident

plaintiff stated to him that she had been looking at the merchandise in front of the stairway. There was testimony that at least 50 per cent of the customers visiting defendant's department store were over 65-70 years of age, that defendant had notice of the condition of the stairway, and that extensions for the handrail had been ordered but had not been installed by the time of the accident. Two witnesses testified for defendant that the stairway did not violate the Pasadena Building Code and that it was constructed according to "standard engineering practice."

The jury returned a verdict in favor of plaintiff for $9,540.18. Motions for a directed verdict, judgment notwithstanding the verdict, and for a new trial were denied. Defendant appeals from the judgment entered on the verdict and from the order denying its motion for judgment notwithstanding the verdict, claiming that the evidence was insufficient to establish liability and that certain rulings on admission of evidence and instructions to the jury were prejudicially erroneous.

I. *Sufficiency of the Evidence to Support the Verdict*

It is conceded that the plaintiff was a business invitee at the time of the accident. Defendant was therefore obliged to exercise ordinary care to keep its premises in a reasonably safe condition or to give warning of latent or concealed dangers of which it knew or should have known in the exercise of reasonable care. (*Blumberg* v. *M. & T. Inc.*, 34 Cal.2d 226, 229 [209 P.2d 1]; *Blodgett* v. *B. H. Dyas*, 4 Cal.2d 511, 512 [50 P.2d 801]; see 2 Rest., Torts, § 343.) Defendant contends that its motion for judgment notwithstanding the verdict should have been granted on the grounds that the evidence discloses as a matter of law that it exercised the required degree of care in the maintenance of its premises and that the plaintiff failed to exercise ordinary care for her own safety.

What constitutes "ordinary care" under the facts of any particular case is usually a question for the jury, which must view the conduct as a whole in the light of all the circumstances. Thus, it is common practice for the jury to determine the standard of conduct to be applied within the compass of the broad rule that the prescribed conduct must conform to that of a "reasonably prudent man under the circumstances." (See *Peri* v. *Los Angeles Junction Ry. Co.*, 22 Cal.2d 111, 120-121 [137 P.2d 441]; *Clinkscales* v. *Carver*, 22 Cal.2d 72, 75-76 [136 P.2d 777].) In the absence

of legislatively or judicially declared standards, the question whether or not the conduct of a party conformed to that of a "reasonably prudent man" is left to the jury's determination when different conclusions may reasonably be drawn from the evidence. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 656 [122 P.2d 576]; *Brandenburg* v. *Pacific Gas & Elec. Co.*, 28 Cal.2d 282, 285-286 [169 P.2d 909]; *McStay* v. *Citizens Nat. T. & S. Bank*, 5 Cal.App.2d 595, 600 [43 P.2d 560].) ▮ Applying this rule we have concluded that the question whether or not defendant failed to keep its premises in a reasonably safe condition was properly left to the jury. Defendant's customers included a large number of elderly persons. The jury could reasonably conclude that by ending the handrail short of the bottom step of the stairway, defendant created an unreasonable risk of danger, on the grounds that it could reasonably have been foreseen that the customers would assume that the handrail would continue the full length of the stairway, that their attention would be distracted by the display of wares offered for sale in the basement, that they would be preoccupied with the possibility of making purchases,[1] and that they would rely on the handrail to help them safely to the basement.

Defendant cites several decisions for the proposition that it is not liable as a matter of law. In *Holmes* v. *Moesser*, 120 Cal.App.2d 612 [262 P.2d 27], the plaintiff fell on stairs that did not have a handrail even though a statute required that one be provided. In affirming a judgment of nonsuit, the court held that the absence of a handrail is not actionable

---

[1]The trial court instructed the jury that: "You may consider the fact that the attention of persons who visit public stores ordinarily is attracted by the display of wares offered for sale and may be more or less absorbed by the transaction which they have in mind. You may consider whether the defendant anticipated that fact with ordinary care in the exercise of the duty which I have defined; also whether the plaintiff did or did not share that ordinary experience of store visitors, and if so, what effect that fact had upon her conduct in relation to the cause of the accident." Defendant contends that it was prejudicial error to so instruct the jury, on the ground that the instruction is unsupported by the evidence. The contention is without merit. Although plaintiff did testify that she could not recall that her attention had been distracted by any particular display, there was evidence that merchandise was on display directly in front of the stairway; plaintiff testified at one time that she was looking out into the lighted basement; and the defendant's traffic manager testified that plaintiff told him that just before she fell she was "looking at the merchandise out in the open in front of the stairwell." The fact that there was merchandise on display in the proximity of the stairwell is relevant to the issue of the foreseeability of accidents from the use of the handrail.

negligence when there is no showing that this absence caused or contributed to the plaintiff's fall. In the present case there is evidence that plaintiff's fall was caused by the fact that the railing did not run the full length of the stairway. *Marple* v. *Manspeaker*, 88 Cal.App. 682 [263 P. 1022]; *Harpke* v. *Lankershim Estates*, 103 Cal.App.2d 143 [229 P.2d 103]; and *Darrach* v. *Trustees of S. F. County Medical Assn.*, 121 Cal.App.2d 362 [263 P.2d 469], are likewise not controlling, for they hold only that no inference of negligence arises from the mere proof of a fall on a stairway. In all these cases the plaintiff's fall was left unexplained; there was no evidence that the particular stairs were unsafe or dangerous, that the defendant knew or should have known of a dangerous condition, or that the plaintiff fell because of any unsafe condition.

Defendant contends that the condition of the stairway was obvious and that it has no duty to warn of dangers that the ordinary person would perceive in the exercise of reasonable care for his own safety. For this proposition it relies heavily on *Blodgett* v. *B. H. Dyas*, 4 Cal.2d 511 [50 P.2d 801]. In that case, while walking along a public street with her attention fixed on a window display, plaintiff fell into a recess from which a stairway led to the basement of defendant's store. Affirming a judgment of nonsuit, the court held that the plaintiff was contributively negligent as a matter of law:

"The evidence shows without conflict that the plaintiff heedlessly walked into an open stairway in broad daylight. She was a pedestrian on a busy street, paying no attention whatever to where she was walking. . . . A person walking through the busy streets of a large city is charged with the knowledge that there are many open stairways leading to basements of mercantile establishments. There is no duty to give any warning in broad daylight of the presence of a stairway and persons must use their eyes to protect themselves from such obvious dangers. (Citations.)" (4 Cal.2d at pp. 512-513.)

Defendant contends that in the present case plaintiff could likewise have protected herself "merely by using her eyes." But it does not follow from the fact that plaintiff might have seen the last step had she looked that she was contributively negligent as a matter of law. All of the circumstances must be taken into account, and where there is some reasonable excuse for a failure to observe an obvious danger the conduct may be excused. Although a person may be charged, as a matter of law, with the knowledge that there are pitfalls to be avoided on a public street, it is not

necessarily negligent to fail to watch for dangers in a business establishment when the ordinarily prudent person would not in fact expect to find the condition where it is, or where he is likely to have his attention distracted as he approaches it. (See Harper & James, The Law of Torts 1491-1493; Prosser, Torts, 2d ed., 459-460.) There are many cases involving accidents in mercantile establishments where the question of plaintiff's contributory negligence has been held to be a question for the jury even though the plaintiff failed to observe what may have been an obvious danger. For example, in *Walsh* v. *Maurice Mercantile Co.,* 20 Cal.App.2d 45 [66 P.2d 181], the plaintiff tripped and fell over a scale that protruded into the aisle of defendant's store. The court stated: "Conceding that if the plaintiff had looked she might have seen the scale, nevertheless in the circumstances she was reasonably justified in assuming that the aisle was unobstructed, and her failure to see it was not necessarily negligence. Different inferences might be drawn from the evidence . . . the question was one for the jury." (See also *Blumberg* v. *M. & T. Inc.,* 34 Cal.2d 226 [209 P.2d 1] [clearly visible opening in rug mat]; *Neel* v. *Mannings, Inc.,* 19 Cal.2d 647 [122 P.2d 576] [projection extending over the end of a stairway]; *Rau* v. *Redwood City Woman's Club,* 111 Cal.App.2d 546 [245 P.2d 12] [worn and slippery stairs]; *Locke* v. *Red River Lbr. Co.,* 65 Cal.App.2d 322 [150 P.2d 506] [plainly visible crack in concrete floor].)  ▉ In the present case we cannot say that as a matter of law plaintiff did not use the degree of care that should have been exercised by a reasonably prudent person under similar circumstances. The jury could reasonably conclude that plaintiff could safely assume that the handrail would not terminate before the bottom of the stairway was reached.  ▉ "Contributory negligence is not imputable to a plaintiff for failing to look out for a danger which he had no reasonable cause to apprehend, or to a plaintiff who was deceived by appearances calculated to deceive an ordinarily prudent person." (*Brandenburg* v. *Pacific Gas & Elec. Co.,* 28 Cal.2d 282, 287 [169 P.2d 909].) There was therefore no error in denying the motion for judgment notwithstanding the verdict.

### II. *Scope of Cross-Examination of Defendant's Expert Witness*

Thomas C. Shields, a construction engineer presented by defendant as an expert witness, testified on direct examination that in his opinion the stairway conformed to "standard

engineering practice" in the city of Pasadena. On cross-examination plaintiff's counsel asked whether he limited his answers to standard engineering practice in Pasadena, to which the witness replied "No," volunteering that: "That would also be [true] anywhere in the world, so far as I am concerned." The witness was then asked, over objection, whether the stairway would conform to proper practice in "all of Los Angeles," to which he replied, "Yes." On further cross-examination counsel interrogated him on his familiarity with the Los Angeles Building Code and the witness read from the code certain provisions dealing with the requirement of handrails. Defendant contends that facts concerning the building code were irrelevant to the present inquiry, that they were not brought out on direct examination, and that it was therefore improper to permit this course of cross-examination. Plaintiff contends that when the witness voluntarily stated that in his expert opinion the stairway conformed to standard engineering practice "everywhere in the world" including Los Angeles, plaintiff could test his credibility by showing that this statement could not possibly be true.

■ Although the cross-examination of a witness should ordinarily be confined to matters that have been testified to by the witness on direct examination, latitude is permitted to test accuracy or credibility (*Newman* v. *Los Angeles Transit Lines*, 120 Cal.App.2d 685, 691 [262 P.2d 95]; Wigmore, Evidence, § 1006; McCormick, Evidence, § 22), and the trial court is given a wide discretion in controlling cross-examination affecting the knowledge and credibility of an expert witness. (*Laguna Salada, etc. School Dist.* v. *Pacific Development Co.*, 119 Cal.App.2d 470 [259 P.2d 498].) ■ In the present case defendant's witness offered his expert opinion as to the safe construction of the stairway "anywhere in the world." The trial court did not err in permitting the plaintiff to inquire into the basis for this opinion nor to counter the effect of the witness's broad statement by attempting to show that it was not correct. (*Cf. People* v. *Westek*, 31 Cal.2d 469, 476 [190 P.2d 9].)

III. *Admissibility of Evidence of Previous Injuries*

Over objection by defendant, George Falk, a former employee of defendant, was permitted to testify that before the accident he had told Mr. Kalik, defendant's vice-president, that: "we should do something about that rail because I had heard from one of the employees—I don't remember who it

was—that someone had almost fallen, and he said, 'All right. Go ahead, and get the extensions put on it.' " The trial court instructed the jury that the conversation was received for the limited purpose of showing that defendant had notice of the condition of the stairway. Defendant claims that the court erred, on the ground that there was no preliminary showing that the alleged previous incident occurred under substantially similar circumstances as the injury in the present case.

Before evidence of previous injuries may be admitted on the issue of whether or not the condition as it existed was in fact a dangerous one, it must first be shown that the conditions under which the alleged previous accidents occurred were the same or substantially similar to the one in question. (*Martindale* v. *Atchison, T. & S.F. Ry. Co.*, 89 Cal.App.2d 400, 411 [201 P.2d 48]; see Wigmore, Evidence § 458; McCormick, Evidence 351-352. The strictness of this requirement of similarity of conditions is ''much relaxed,'' however, when the purpose of the offered evidence is to show notice, ''since all that is required here is that the previous injury should be such as to attract the defendant's attention to the dangerous situation which resulted in the litigated accident.'' (McCormick, Evidence 352; see also *McCormick* v. *Great Western Power Co.*, 214 Cal. 658, 665-666 [8 P.2d 145, 81 A.L.R. 678]; *Gilbert* v. *Pessin Grocery Co.*, 132 Cal. App.2d 212, 217-221 [282 P.2d 148].)     In the present case it was·incumbent upon plaintiff to prove not only that the stairway was dangerous but that the defendant knew or should have known that it was. Mr. Falk's testimony was offered solely to show such notice. The import of that testimony was that Mr. Kalik had been informed that someone had slipped on the stairs and that extensions should be installed on the handrail. If believed, the testimony would support a finding that defendant was aware that the handrail presented a hazard to the users of the stairway. It was therefore relevant and admissible, not to show that someone actually fell, but to show defendant's knowledge of the dangerous condition of the stairway. Insofar as *Thompson* v. *Buffum's, Inc.*, 17 Cal.App.2d 401 [62 P.2d 171], is inconsistent with the principle that it is proper to admit evidence of previous injuries that reasonably tends to show that the defendant knew or should have known of the alleged dangerous condition that caused the injury in question, it is disapproved.[2]

---

[2] In that case the court upheld a ruling sustaining the objection to counsel's questions as to whether or not other women had previously

IV. *Instruction on Presumption of Due Care*

Defendant contends that since plaintiff testified fully as to her acts and conduct in descending the stairs, the trial court committed prejudicial error by instructing the jury on the presumption of due care. ■■■ Under the rule accepted by the majority of this court, the disputable presumptions (contained in Code Civ. Proc., § 1963) are evidence and as such can be weighed. (*Speck* v. *Sarver*, 20 Cal.2d 585, 590-598 [128 P.2d 16] ; *cf.* 24 U. of Chi. L. Rev. 211, 219.)

■■■ Although an instruction on the presumption of due care may properly be given under certain circumstances (see e.g., *Westberg* v. *Willde*, 14 Cal.2d 360 [94 P.2d 590] ; *Scott* v. *Burke*, 39 Cal.2d 388 [247 P.2d 313] ; *Gigliotti* v. *Nunes*, 45 Cal.2d 85 [286 P.2d 809] ), it is now settled that an instruction on the presumption should not be given when the party who seeks to invoke it testifies concerning his conduct immediately prior to or at the time in question. (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36 [297 P. 884] ; *Paulsen* v. *McDuffie*, 4 Cal.2d 111 [47 P.2d 709] ; *Mundy* v. *Marshall*, 8 Cal. 2d 294 [65 P.2d 65] ; *Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16] ; *Barker* v. *City of Los Angeles*, 57 Cal.App.2d 742 [135 P.2d 578] ; *Ringo* v. *Johnson*, 99 Cal.App.2d 124 [221 P.2d 267] ; *Jones* v. *Scurlock*, 96 Cal.App.2d 201 [214 P.2d 599] ; *Ford* v. *Chesley Transportation Co.*, 101 Cal.App.2d 548 [225 P.2d 997] ; *Rozzen* v. *Blumenfeld*, 117 Cal.App.2d 285 [255 P.2d 850] ; *Verhaegen* v. *Guy F. Atkinson Co.*, 126 Cal.App. 2d 442 [272 P.2d 855] ; *Stout* v. *Southern Pacific R.R. Co.*, 127 Cal.App.2d 491 [274 P.2d 194] ; *Nunnemaker* v. *Headlee*, 140 Cal.App.2d 666 [295 P.2d 438] ; *Swanson* v. *Bogatin*, 149 Cal.App.2d 755 [308 P.2d 918] ; *Hughes* v. *City & County of San Francisco*, 158 Cal.App.2d 419 [322 P.2d 623].)

■■■ In the present case plaintiff testified to her conduct immediately prior to or at the time of her fall. "In the face of this evidence there was no room for any presumption." (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 38 [297 P. 884].) It was therefore error to give the instruction.

fallen on the stairway in question. The court held that the questions were properly excluded, on the ground that the inquiry was not limited to the particular step of the stairway where the accident occurred. The court did not discuss the possibility that, if proved, the fact that other women had fallen on the stairway might be relevant to the question whether the defendant was put on notice that something was wrong and should have inspected the stairway to discover any defect. This evidence could be relevant whether or not the previous falls had occurred on the same step. (See Wigmore, Evidence § 252(4).)

■ The question remains whether the error was prejudicial. In *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 660-661 [320 P.2d 500], it is stated that:

"The determination whether, in a specific instance, the probable effect of the instruction has been to mislead the jury, and whether the error has been prejudicial so as to require reversal depends on all the circumstances of the case, including the evidence, and the other instructions given. No precise formula can be drawn."

In that case, the giving of an instruction on unavoidable accident was held to constitute reversible error because it tended to overemphasize defendant's case. From the evidence presented in the present case the jury could reasonably have drawn the inference either way on the vital issue of plaintiff's contributory negligence. The giving of the instruction obviously added strength to the plaintiff's contention that she was acting with due care for her own safety, and thus overemphasized her claim in the minds of the jury. The defendant was thereby forced to overcome by a preponderance of the evidence, not only plaintiff's case that she was free from contributory negligence, but also the presumption that she was acting with due care. Instructions like the one here involved necessitated reversal in the similar cases of *Rozzen* v. *Blumenfeld*, 117 Cal.App.2d 285 [255 P.2d 850]; *Verhaegen* v. *Guy F. Atkinson Co.*, 126 Cal.App.2d 442 [272 P.2d 855]; and *Stout* v. *Southern Pacific R. R. Co.*, 127 Cal.App.2d 491 [274 P.2d 194], on the ground that the erroneous instruction may have tipped the scale in plaintiff's favor in the deliberations of the jury. It was therefore prejudicial error to give the instruction.

The judgment is reversed.

Gibson, C. J., Schauer, J., Spence, J., and McComb, J., concurred.

SHENK, J., Dissenting.—The question of fact with reference to the negligence of the defendant and the contributory negligence of the plaintiff were well within the province of the jury to determine in this case. They were both decided in favor of the plaintiff. Whether it was error to give an instruction based on the presumption provided for in subdivision 4 of section 1963 of the Code of Civil Procedure and if so whether it was reversible error under the doctrine of *Mar Shee* v. *Maryland Assurance Corp.*, 190 Cal. 1 [210

P. 269], were adequately considered by the District Court of Appeal of the Second District, Division 1, in an opinion written by Justice Lillie (324 P.2d 301). The presumption is "that a person takes ordinary care of his own concerns." The Mar Shee case places certain limitations, which need not here be discussed, on the application of that presumption. The District Court of Appeal held that, because of the incomplete and uncertain testimony of the 83-year-old plaintiff taken some four years after the accident, the limitations of the Mar Shee case did not apply. It was also held that, considering the evidence and the instructions as a whole, there was no reversible error. With this I agree, and adopt the opinion of the District Court of Appeal as what I believe to be a just and proper disposition of the appeal. I would affirm the judgment.

CARTER, J., Dissenting.—I concur in the views expressed in the dissenting opinion of Mr. Justice Shenk but feel that the problem involved deserves further discussion.

Even assuming that instructing the jury on the presumption of due care was error in this case, it was clearly not prejudicial.

The challenged instruction reads: "At the outset of this trial, *each party* was entitled to the presumption of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof." (Emphasis added.)

The majority holds that this instruction resulted in prejudice to defendant on the ground that since the evidence on the issue of plaintiff's contributory negligence is susceptible to an inference either way, the presumption has the effect of "overemphasizing" plaintiff's case in the minds of the jury, and thus it might have tipped the scales in plaintiff's favor. To support its position that overemphasis is a ground for reversable error the majority relies on *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]. It is submitted that this decision will not support this interpretation.

In *Butigan* v. *Yellow Cab Co., supra,* 49 Cal.2d at 661, it was held that an instruction on unavoidable accident in a close case was prejudicial error, not because defendant's case was overemphasized, but because the instruction was confusing and misled the jury. It is only the probable confusion of the jury which was affirmatively demonstrated that justified our reversal. Of course, an instruction can overemphasize a party's case, but if the jury has been otherwise properly instructed, and there is no apparent conflict, then the error appears cured. As pointed out by Mr. Justice Shenk, the instructions taken as a whole were correct, and since the majority does not claim confusion as a basis for reversal, one is hard pressed to find any prejudice.

However, a majority of this court is of the opinion that improper "overemphasis" of a case, without more, is grounds for reversal whether or not the instructions are confusing or misleading. But even accepting this proposition it can be affirmatively shown that the jury probably did not use the presumption of due care to overemphasize plaintiff's case. Thus, a result more favorable to the appealing party would not have been reached. Under these circumstances the application of the provisions of article VI, section $4\frac{1}{2}$, of the Constitution precludes reversal. (See *People* v. *Watson,* 46 Cal. 2d 818, 836-837 [299 P.2d 243].)

In establishing that the jury probably was not improperly influenced one must consider the instruction on burden of proof, the application of the presumption of due care to both parties, and the findings for the plaintiff on both issues of negligence and contributory negligence. Of major significance is this court's conclusion that the state of the evidence is in near equilibrium, and that excluding the presumption, this evidence is susceptible to inferences either way. Attention is also directed to what I consider the key factor: The finding of the jury that defendant was negligent.

The burden of proving defendant's negligence was on the plaintiff. Defendant, in this situation, had the benefit of the presumption of due care. Adopting the majority's reasoning, plaintiff was thereby forced to overcome by a preponderance of the evidence, not only defendant's case that it was free from negligence, but also the presumption that it was acting with due care. However, in the face of the burden of proof and the presumption, the jury found on evidence in near equilibrium, that defendant was negligent. From this finding it is reasonable to infer that if the jury considered the pre-

sumption at all in regard to defendant, its effect was negligible compared to the weight the jury gave to the testimonial, circumstantial and real evidence. If the jury had viewed the presumption as significant, then based on the state of the evidence it would have found for defendant. The final inference being that the presumption probably had no effect upon the jury's determination regarding defendant's negligence.

Since it can be inferred that the jury did not consider the presumption of due care in favor of defendant when considering the question of defendant's negligence, it is unreasonable to assume that the jury acted any differently in its notion of the presumption when considering the question of plaintiff's contributory negligence, where the state of the evidence on this issue was, as on the issue of negligence, in near equilibrium. One is obliged to conclude, on the assumption that a jury will probably act consistently in the same case, that the presumption played little or no part in the jury's determination of plaintiff's contributory negligence.

Unless this court is prepared to say without any affirmative showing, and contrary to reasonable inferences, that the jury probably acted inconsistently, it is difficult to perceive, based on the evidence herein, precisely how the presumption of due care affected the result, so that without the instruction, the result would have been altered. Indeed, where the reasonable inference is that the jury has given little or no effect to an erroneous instruction in considering the question of negligence, and their subsequent determination of the question of contributory negligence is consistent with this previous inference, a proper conclusion is that the instruction did not result in prejudice.

It is obvious that as requisites to such a conclusion the reviewing court must determine the state of the evidence on the issues of negligence and contributory negligence, as well as ascertain how the jury utilized the presumption in regard to defendant's negligence.

For example, defendant appeals from a judgment for plaintiff, contending that it was prejudicial error to instruct the jury on the presumption of due care. The reviewing court determines that the state of the evidence on the issue of negligence was in near equilibrium but on the issue of contributory negligence it was clear and convincing. Examining the jury's

actions the reviewing court can infer that on the question of negligence the jury probably disregarded the presumption of due care since on evidence in near equilibrium plaintiff had to carry the burden of proof and overcome the presumption in defendant's favor, which worked to defendant's advantage in this instance. However, on the question of contributory negligence, the jury probably relied on the presumption in favor of plaintiff since this could form the only real basis for a finding for plaintiff in the face of clear and convincing evidence to the contrary. It may be reasonably inferred, then, that the jury's actions in handling the presumption were inconsistent and resulted in prejudice.

Thus, it is the affirmative showing of the jury's inconsistency that establishes prejudice when defendant appeals. Without such a showing there is no reason to believe the error was probably prejudicial.

In cases where plaintiff appeals from a judgment for defendant on the ground that prejudicial error resulted from instructing the jury on the presumption of due care, it is impossible to tell how the jury utilized the presumption. The jury might have found the defendant nonnegligent, or the plaintiff contributively negligent. Under these conditions error is usually found on the ground that the instructions tended to confuse or mislead the jury. (See *Rozzen* v. *Blumenfeld,* 117 Cal.App.2d 285 [255 P.2d 850] ; *Stout* v. *Southern Pacific R. R. Co.,* 127 Cal.App.2d 491 [274 P.2d 194].) For this reason the cases cited by the majority for the proposition that instructing the jury on the presumption of due care constitutes prejudicial error are not in point. In *Rozzen* v. *Blumenfeld, supra,* 117 Cal.App.2d 285, and *Stout* v. *Southern Pacific R. R. Co., supra,* 127 Cal.App.2d 491, plaintiff was appealing from a judgment for defendant. The jury could have found for defendant on the alternative grounds of nonnegligence or plaintiff's contributory negligence. Thus, it is impossible to draw any inference from the jury's determination of the vital issues since we cannot be certain on which ground the jury found for defendant.

The case of *Verhaegen* v. *Guy F. Atkinson Co.,* 126 Cal.App. 2d 442 [272 P.2d 855], involved an appeal by defendant after a judgment for plaintiff. An attack on the instruction containing the presumption of due care was upheld. The case is distinguishable on the ground that there, prejudice was predicated, not on the presumption of due care alone, but was the net result of a series of erroneous instructions, of which the

presumption of due care was only one. (*Verhaegen* v. *Guy F. Atkinson Co., supra,* 126 Cal.App.2d at 445-447.)

There are many cases holding that the giving of an instruction on the presumption of due care in favor of one party and not the other, while erroneous, was not prejudicial. (*Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 P. 884] ; *Paulsen* v. *McDuffie,* 4 Cal.2d 111, 119 [47 P.2d 709] ; *Tuttle* v. *Crawford,* 8 Cal.2d 126, 133 [63 P.2d 1128] ; *Speck* v. *Sarver,* 20 Cal.2d 585 [128 P.2d 16] ; *Scott* v. *Sheedy,* 39 Cal.App.2d 96, 102 [102 P.2d 575] ; see *Medeiros* v. *Soares,* 17 Cal.2d 176, 179 [61 P.2d 501] ; *Stroh* v. *Bauman,* 37 Cal.App.2d 241, 245 [99 P.2d 337] ; *Tuderios* v. *Hertz Drivurself Stations, Inc.,* 70 Cal.App.2d 192, 198 [160 P.2d 554] ; *Martindale* v. *Atchison, T. & S. F. Ry. Co.,* 89 Cal.App.2d 400, 413 [201 P.2d 48].)

Generally, it has been held to be prejudicial error for a trial court to refuse to give such an instruction in a case where, because of death or unconsciousness, the party requesting the instruction was unable to produce evidence as to the happening of the accident and the issue of due care was presented. (*Smellie* v. *Southern Pacific Co.,* 212 Cal. 540 [299 P. 529] ; *Downing* v. *Southern Pacific Co.,* 15 Cal.App.2d 246 [59 P.2d 578] ; *Jones* v. *Heinrich,* 49 Cal.App.2d 702, 706 [122 P.2d 304] ; *Maaskant* v. *Matsui,* 50 Cal.App.2d 819, 823-825 [123 P.2d 853] ; *Russell* v. *Andersen,* 101 Cal.App.2d 684, 697-698 [226 P.2d 350] ; see *Ellison* v. *Lang Transportation Co.,* 12 Cal.2d 355 [84 P.2d 510] ; *Westberg* v. *Willde,* 14 Cal. 2d 360 [94 P.2d 590] ; *Scott* v. *Burke,* 39 Cal.2d 388 [247 P.2d 313] ; *Gigliotti* v. *Nunes,* 45 Cal.2d 85 [286 P.2d 809] ; *Anderson* v. *County of San Joaquin,* 110 Cal.App.2d 703, 716 [244 P.2d 75].) The holding in these cases is understandable when we consider the inability of the party involved to produce any evidence whatsoever as to the conduct of the party in whose favor the presumption is invoked. This is not such a case.

As pointed out hereinabove the instruction held by the majority here to be prejudicially erroneous made the presumption of due care *equally applicable* to *both plaintiff and defendant.* It should be worthy of note that this court has never before held the giving of such an instruction to be prejudicial error under any circumstances. However, the District Courts of Appeal have ruled both ways on the subject. An instruction on the presumption of due care identical to the one here was given and found not to be prejudicial error in *Medeiros* v. *Soares,* 17 Cal.App.2d 176, 179 [61 P.2d 501] ; *Stroh* v. *Bauman,* 37 Cal.App.2d 241, 244-245 [99 P.2d

337] ; *Tuderios* v. *Hertz Drivurself Stations, Inc.*, 70 Cal.App. 2d 192, 198 [160 P.2d 554] ; and *Martindale* v. *Atchison T. & S. F. Ry. Co.*, 89 Cal.App.2d 400, 413 [201 P.2d 48], but a contrary result was reached in *Rozzen* v. *Blumenfeld*, 117 Cal. App.2d 285, 287-290 [255 P.2d 850] ; *Verhaegen* v. *Guy F. Atkinson Co.*, 126 Cal.App.2d 442, 444-447 [272 P.2d 855] ; *Stout* v. *Southern Pacific R. R. Co.*, 127 Cal.App.2d 491, 496-497 [274 P.2d 194] ; *Nunnemaker* v. *Headlee*, 140 Cal. App.2d 666, 676 [295 P.2d 438] ; and *Hughes* v. *City & County of San Francisco*, 158 Cal.App.2d 419, 422-424 [322 P.2d 623] (see *Burns* v. *Churchill*, 152 Cal.App.2d 491, 495-496 [313 P.2d 575] ).

Originally the rule appeared to be that such an instruction was not prejudicial error because in most cases there was evidence contrary to the presumption and the courts reasoned that the jury would disregard the presumption in the face of the contrary evidence. (*Medeiros* v. *Soares, supra*, 17 Cal. App.2d at 178-179.) Other cases appear to have discarded this rationale and replaced it with the rule that whether such instruction is prejudicial depends upon the facts of the particular case. This ad hoc method of deciding prejudice paved the way for the theory adopted by the majority here. (See *Ford* v. *Chesley Transportation Co.*, 101 Cal.App.2d 548, 553 [225 P.2d 997] ; *Rozzen* v. *Blumenfeld, supra*, 117 Cal. App.2d at 288; *Stout* v. *Southern Pacific R. R. Co., supra*, 127 Cal.App.2d at 497-498; *Nunnemaker* v. *Headlee, supra*, 140 Cal.App.2d at 676.) I would disapprove the last cited cases and hold the instruction here not prejudicial.

For the foregoing reasons it seems clear that no prejudice resulted to defendänt here and the judgment should be affirmed.