[Civ. No. 28399.   Second Dist., Div. Four.   Apr. 22, 1965.]

MARY MARGARET MEYER, Plaintiff and Appellant, v. TERRY COOPER, as Executrix, etc., Defendant and Respondent.

Robert H. Lund for Plaintiff and Appellant.

Gilbert, Thompson & Kelly, James C. Crowley and Jean Wunderlich for Defendant and Respondent.

FILES, P. J.—This is an action for personal injuries arising from the collision of two automobiles at an intersection of aisles in a parking lot. Plaintiff is the driver of one vehicle. The original defendant was the owner and operator of the other car. He died before the trial and his executrix was substituted. For convenience the two drivers will be referred to as plaintiff and defendant, respectively. The jury returned its verdict for defendant. Plaintiff is appealing from the judgment.[1] The single contention made by plaintiff here is that the court should not have given a jury instruction on the presumption of ordinary care by deceased.

The evidence on the liability issue is brief. The collision occurred at 8:34 p.m. on December 10, 1960, in the parking area of a shopping center located on the south side of Foothill Boulevard, west of Palmetto Street, in Fontana. The area was illuminated by bright vapor lamps. Just before entering the parking area, plaintiff had been traveling east on Foothill. She made a right turn into the parking area and proceeded southward until struck by defendant's vehicle, which was proceeding westbound in the parking area. The parking area slopes downward from Foothill Boulevard. Plaintiff testified that as she turned in from Foothill she had a clear view of the cross aisle all the way to Palmetto Street. She said she looked, but saw no cars moving. There were no parked cars which could obstruct her view. She did not see defendant until she saw his headlights, just as defendant struck the left side of her car. She estimated her speed at between 5 and 8 miles per hour.

Plaintiff introduced into evidence the deposition which her attorney had taken of the oral testimony of the deceased defendant. In this deposition the defendant testified that he was driving westbound in the parking area when his right front fender struck the left side of plaintiff's vehicle. When asked to estimate plaintiff's speed, defendant said: "I think that she must have been going about 35 or 40 miles an hour because she slid about 20 or 25 feet." He did not see plaintiff prior to the impact.

A police officer on patrol nearby heard the crash and went to the scene immediately. He testified that at the time of the collision plaintiff was traveling south and defendant was trav-

---

[1]Although the owner of plaintiff's vehicle was joined as a party plaintiff and sought recovery for the damage to the automobile, he has not appealed from the judgment. He therefore need not be considered on this appeal.

eling west; there were no skid marks; after impact plaintiff's vehicle had traveled about 5 feet "sidewards and southerly," and defendant's car traveled about 2 feet straight ahead. When he interrogated the drivers, plaintiff said she was going about 5 miles an hour and defendant said he was going about 15.

There were no other witnesses who contributed any evidence on the liability issue.

The trial court gave the following instruction to the jury: "The law presumes that William Hamilton Cooper now deceased, in his conduct at the time of and immediately preceding the accident here in question, was exercising ordinary care and was obeying the law. These presumptions are a form of evidence. Each will support a finding in accord with the presumption where there is no proof to the contrary, and each will support such a finding in the face of contrary evidence, if your judgment so directs after weighing the conflicting evidence.

"When such a conflict exists, it is the jury's duty to weigh the presumption (and any evidence that may support it) against the contrary evidence, and to determine which, if either, preponderates. Such deliberations, of course, shall be related to and be in accordance with my instructions on the burden of proof."[2]

Plaintiff makes no contention that this instruction is improper as to form, or that it misstates the law as to the effect of a presumption. Her position is that the presumption does not apply in this case.

The legal basis for the jury instruction on the presumption of ordinary care stems from Code of Civil Procedure section 1963, which declares the disputable presumptions "1. That a person is innocent of crime or wrong;" and "4. That a person takes ordinary care of his own concerns." Code of Civil Procedure section 2061 requires that the jury be instructed "on all proper occasions . . . 2. That they are not bound to decide . . . against a presumption or other evidence satisfying their minds."

In *Mar Shee v. Maryland Assurance Corp.*, 190 Cal. 1, at page 9 [210 P. 269], the court considered the effect of a conflict between evidence and a disputable presumption. The court stated: "From the foregoing we deduce that a fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses,

---

[2]BAJI No. 135-A.1.

under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case."

The applicability of the presumption of due care in a negligence case is explained in *Gigliotti* v. *Nunes*, 45 Cal.2d 85, at page 93 [286 P.2d 809], thus: "Although there is no room for the presumption where the driver or other person whose claimed negligence is at issue himself testifies to his actions at the time involved (see *Speck* v. *Sarver* (1942) 20 Cal.2d 585, 587-588 [128 P.2d 16]), the rule is established that if such person be deceased or unable to testify by reason of loss of memory, the fact that other witnesses for the parties testify fully as to the acts and conduct of the allegedly negligent person does not deprive the party relying on the presumption of the benefit thereof unless the testimony which he himself produces 'under circumstances which afford no indication that the testimony is the product of mistake or inadvertence . . . is wholly irreconcilable with the presumption sought to be invoked.' "

In the present case the allegedly negligent driver was dead and the defendant offered no evidence whatever on the liability issue. Plaintiff contends, however, that defendant was not entitled to the benefit of the presumption because (1) the death was not a result of the collision and (2) defendant actually testified by means of his deposition.

■ There is nothing in the reason for the rule to justify limiting its use to cases in which the death of the actor is a result of the occurrence sued upon. In *Voorheis* v. *Hawthorne-Michaels Co.*, 151 Cal.App.2d 688, 695 [312 P.2d 51], the presumption of due care was held to be applicable in a case in which the allegedly negligent actor (an employee of defendant) had died of causes unconnected with the action. That decision is controlling here.

The effect of the deposition must be examined in the light of the theory behind the rule, as explained in such cases as those quoted above. Under the analysis set forth in *Mar Shee,* a party loses the benefit of the presumption if (1) evidence wholly irreconcilable with the presumption is introduced (2) by the testimony of the party or of his witnesses (3) under circumstances which afford no indication that the testimony is the product of mistake or inadvertence.

In cases in which the party whose negligence was in question

testified at the trial concerning his conduct, the Supreme Court has said that " 'there was no room for any presumption.' " (See *Laird* v. *T. W. Mather, Inc.*, 51 Cal.2d 210, 221 [331 P.2d 617]; *Speck* v. *Sarver*, 20 Cal.2d 585, 587 [128 P.2d 16].)

It is also necessary to consider what deposition testimony is, in the light of current practice. A party is entitled to take the testimony of his opponent before trial for the purpose of discovery. (Code Civ. Proc., § 2016.) ▉ The party who is examined is required to answer fairly all proper questions which are put to him, but he is under no obligation to volunteer information or to disclose relevant and material matters which are not asked for. Though his own attorney may cross-examine, he is not required to do so. If, in taking the deposition of the defendant, the plaintiff's attorney fails to ask about matters of fact upon which defendant expects to rely for his defense, the defense attorney may decide not to open up these other subjects as a part of his examination. In such a case the defendant's deposition will not disclose all the testimony which defendant will be able to give at the trial. ▉ In the light of this rather elementary analysis of pretrial deposition practice, there is no basis for assuming that the deposition of a party, taken by his opponent, will necessarily contain all or even a significant part of the testimony which the party expects to give at the trial.

The deposition testimony of the defendant in the present case illustrates the point. Plaintiff's attorney elicited from defendant the location of the collision, the direction the vehicles were traveling, the defendant's estimate of plaintiff's speed, and the fact that defendant did not see plaintiff before the impact.

The presence of other persons or objects, the existence of traffic control directions or warnings, the mechanical condition of the two vehicles before the accident, and the physical condition of defendant are all factors which could have had a bearing on whether or not defendant was negligent, but defendant was not asked about any of these subjects. If some unusual and unforeseeable circumstance made it impossible for defendant to see plaintiff, the deposition would not disclose it because defendant was not called upon to testify regarding it.

There is nothing in the record to suggest that the death of the defendant was anticipated, or that the deposition was intended by defendant and his counsel as a perpetuation of

testimony for defense purposes at the trial. The deposition testimony consisted only of answers on a few subjects selected by plaintiff's attorney. It would be unfair to assume that this was all the material testimony which defendant could give at the trial, or even an indication of what his defense would be. The trial court was in no position to determine whether the defendant could have given further testimony if he had lived. The controlling circumstance is that death did prevent defendant's testifying at the trial, and it was not for the court to speculate whether the deposition taken by the adverse party was an adequate substitute for such testimony. Counsel in their arguments, and the jury in its deliberations, may discuss whether the discovery deposition so clearly discloses the decedent's situation as to obviate any need for the presumption as an aid to the discovery of truth. The court should instruct the jury, as in this case, that it may give the presumption such weight as it sees fit.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.