Filed 3/29/13  Williams v. State of California CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA WILLIAMS et al., | |
| Plaintiffs and Appellants, | G046659 |
| v. | (Super. Ct. No. 30-2010-00390305) |
| STATE OF CALIFORNIA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Reversed and remanded.

Bailey & Partners, Patrick E. Bailey and Keith A. Lovendosky for Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, Steven M. Gevercer, Assistant Attorney General, and Paul T. Hammerness, Deputy Attorney General, for Defendant and Respondent.

\*          \*          \*

Plaintiffs Lisa Williams, as guardian ad litem for A.W., and Jennifer Eslinger, as guardian ad litem for A.E., sued defendant State of California for damages, alleging the minors were injured at Huntington State Beach (beach) because of a dangerous condition. After the court granted defendant's motion in limine excluding evidence plaintiffs claimed showed defendant had notice of the dangerous condition, the parties ultimately stipulated to a nonsuit because, without that evidence, plaintiffs were unable to prove one of the elements of their case. Plaintiffs appeal, claiming the court erred in excluding that evidence and in preventing their expert from relying on it in his testimony. We conclude the court relied on an incorrect standard in excluding the evidence and erred when it ruled the expert could not testify that he had relied on that evidence in forming his opinions. We reverse the judgment and remand for the court to reconsider the motion in limine in light of the proper standard.

FACTS AND PROCEDURAL HISTORY

The first amended complaint alleges plaintiffs A.W., then 13 years old, and A.E., then 2 years old, were seriously burned in a fire ring located at the beach, controlled and supervised by defendant. Plaintiffs plead there were hot coals hidden under sand in the fire ring. According to the declaration of Joseph Milligan, defendant's beach superintendant, filed in support of defendant's motion for summary judgment, the concrete fire rings at the beach, which are about 60 inches wide, contain four-and-a-half inches tall red lettering on the outside, stating "Caution Hot Ashes" (capitalization omitted). In her deposition, Williams, the mother of A.W., who was with her at the beach, testified she did not see the warnings on the fire pit in question because sand was pushed up around the edges of the ring. She also stated she saw no warnings on any of the approximately two dozen pits in the vicinity.

2

After spending several hours at the beach, Williams, who had her back to the fire ring, heard A.E. scream and saw him inside the ring. She then saw A.W. jump into the ring and then jump out, screaming that her foot was burned. Williams and another person pulled A.E. from the pit. The minors were burned by hot coals remaining from a prior fire; sand had covered the coals.

Plaintiffs filed claims with defendant, stating the fire pit was a dangerous condition without any warning. They further stated the fire ring "was almost totally submerged in the sand so as to create a hidden danger and dangerous condition so as to allow a 2-year old to get into . . . [it]. The 'fire ring' (capitalization omitted) was filled with sand and did not appear to be hot." When the claims were denied, plaintiffs filed a complaint based on causes of action for premises liability and dangerous condition of public property. After the court sustained defendant's demurrers to the premises liability causes of action in the original and first amended complaint with leave to amend, plaintiffs dismissed the premises liability count[1] and the only remaining cause of action alleged a dangerous condition of public property.

During discovery defendant produced approximately 20 reports of prior accidents involving fire rings at the beach over the last 10 years. In motion in limine No. 2, defendant sought to have the reports excluded on the grounds they were hearsay and the underlying incidents were not similar enough so as to put defendant on notice of a dangerous condition. It also argued they were more prejudicial than probative under Evidence Code section 352.

The court held an extensive hearing on the motion. In opposing the motion, plaintiffs' counsel began going through each of the 20 or so incident reports, pointing out why they should be admitted. With each, the court noted it was not the same or similar because there was a warning visible and there was no sand covering the ashes. The court

---

[1] Both parties agree the cause of action was dismissed despite the absence of anything in the record.

3

contrasted these incidents with the one at issue, noting the language on the claim forms attached to the first amended complaint stated the fire pit was filled with sand, making the dangerous condition unseen, and the warning was obscured.

The court also inquired as to whether plaintiffs had deposed or interviewed the victims of the prior incidents or the officers who had taken the reports. When counsel answered he had not, the court commented that plaintiffs had no first-hand knowledge of the incidents.

The court then directed counsel to review all the reports and discuss only those where the incidents were the same or similar. After a recess, plaintiffs identified six reports. After reviewing each of the six, with argument by both lawyers, the court granted the motion, finding the incidents were not the same or similar and there was inadequate foundation for them based on failure to take statements or depose the victims or the officers who took the reports.

Plaintiffs then made an offer of proof in the form of an opening statement, that included mention of the reports, had they been allowed. Defendant made a motion for nonsuit. During a colloquy before argument on the motion, plaintiffs stated that, based on the court's grant of motion in limine No. 2, they would be unable to prove notice of the dangerous condition, an essential element of their case. After the court denied the nonsuit, plaintiffs stipulated to a nonsuit based on the same ground, inability to prove notice. Defendant joined the stipulation, which the court granted. Judgment was entered for defendants.

DISCUSSION

*1. Similarity of Prior Incidents*

To prevail on a cause of action for damages for a dangerous condition on public property, a plaintiff must prove the existence of the dangerous condition that

4

proximately caused the injury, that the risk of that type of injury was reasonably foreseeable, and that the public agency had either actual or constructive notice of the condition sufficiently ahead of time that it could have taken corrective measures. (Gov. Code, § 835; *Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 68.) Plaintiff sought to rely on the prior incident reports to prove the element of notice.

"The admissibility of evidence of prior accidents is confined to the trial court's sound discretion. [Citation.]" (*Cordova v. City of Los Angeles* (2012) 212 Cal.App.4th 243, 254.) But "[b]efore evidence of previous injuries may be admitted on the issue of whether or not the condition as it existed was in fact a dangerous one, it must first be shown that the conditions under which the alleged previous accidents occurred were the same or substantially similar to the one in question. [Citations.] The strictness of this requirement of similarity of conditions is 'much relaxed,' however, when the purpose of the offered evidence is to show notice, 'since all that is required here is that the previous injury should be such as to attract the defendant's attention to the dangerous situation which resulted in the litigated accident.' [Citations.]" (*Laird v. T. W. Mather, Inc.* (1958) 51 Cal.2d 210, 220; see also *Genrich v. State of California* (1988) 202 Cal.App.3d 221, 228.)

In disallowing admission of the incident reports for any purpose, the trial court emphasized the necessity that the incidents be the same or substantially similar to the one at issue here. Based on the comments and discussion at the hearing on the motion, the court did not consider the "relaxed" standard used for the purpose of proving notice, i.e., that the prior injuries "'should be such as to attract the defendant's attention to the dangerous situation.'" (*Laird v. T. W. Mather, Inc.*, *supra*, 51 Cal.2d at p. 220.) A minimum of nine times, the court remarked that the incidents were not the same or substantially similar. In one of its comments it stated, "show me one of these that is covered with sand where somebody stepped into it, not knowing that there was hot ashes

because is was covered with sand." In ruling on the motion the judge stated, "I don't find that anything that you have called to the court's attention were the same or similar."

In so doing the court relied in part on *Sambrano v. City of San Diego* (2001) 94 Cal.App.4th 225. This case underpins defendant's argument here as well. In that case a two year old at the beach walked into a fire pit that contained hot coals and burned herself. In opposing a motion for summary judgment, the plaintiffs sought to introduce a report of a prior incident where a child who was dragging a boogie board had tripped and fallen into a fire ring. The court excluded the report, ruling it was not the same or substantially similar. And the appellate court affirmed. (*Id*. at p. 244.)

But *Sambrano* can be distinguished. In *Sambrano* the plaintiff proffered only one prior incident primarily to prove a dangerous condition. (*Sambrano v. City of San Diego, supra,* 94 Cal.App.4th at pp. 233-235, 238), and the court ruled it did not satisfy the same or substantially similar rule. (*Id*. at p. 238.) As far as using it to show notice, the court reiterated the relaxed notice standard. (*Id*. at p. 237.) Ultimately the court ruled the plaintiff had not shown the defendant was on notice of the alleged dangerous condition (*id*. at p. 243) but stated "evidence of truly similar accidents could have created triable issues to defeat summary judgment" (*ibid*.).

While the trial court here thoroughly discussed the incident reports and gave plaintiffs every opportunity to present evidence in defense against the motion in limine in evaluating the reports the court did not use the correct standard. As shown by its comments detailed above it required the prior incidents be essentially identical to the one in question, a much stricter standard than that used to evaluate notice. "'"[T]he scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion . . . ."'" (*Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819, 833; see *Fasuyi v. Permatex,*

6

*Inc.* (2008) 167 Cal.App.4th 681, 695 [discretion must be "'"'"guided and controlled in its exercised by fixed legal principles"'"'"].)

We do not know what the court's ruling on motion in limine No. 2 would have been had it relied on the the more relaxed standard used in connection with whether the incidents gave notice to defendant. Therefore, we will remand the matter to the trial court for another hearing on the use of the reports. In that hearing the court should examine the reports in light of the standard applicable to the notice issue.

Defendant disputes plaintiffs' claim they wish to use the incident reports for purposes of notice only, pointing out that in their trial brief they sought to have them admitted for purposes of showing the existence of a dangerous condition. But that is not plaintiffs' argument here. In their briefs, plaintiffs assert only that they seek to have the reports introduced for the purpose of showing notice.[2] If in fact they seek to introduce the reports to show a dangerous condition, they have not made such an argument and so it is waived. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Defendant also contends the reports are not admissible because they are hearsay. But their relevance on the notice issue is not dependent upon their truth. "Documents not offered for the truth of the matter asserted are, by definition, not hearsay." (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 316.) So this is not a proper basis for exclusion.

Likewise, defendant's very brief, one paragraph argument the reports should be excluded under Evidence Code section 352 is not well taken. Again, defendant

---

[2] Plaintiffs argue in their reply brief, in opposition to defendant's claim the reports are hearsay, that if the documents were hearsay and they wanted to use them, the reports qualified for admission as business records under Evidence Code sections 1271 and 1272. We decline to address this argument raised for the first time in the reply brief. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387-1388.)

asserts that it would be more prejudicial than probative to admit the documents to show a dangerous condition. But that is not the issue before us.

## 2. *Expert Testimony*

Defendant also made a motion in limine to exclude the testimony of defendant's expert witness, Brad Avrit. It argued that because the incident reports could not be used to show notice, Avrit was not needed to testify to anything else. The court determined Avrit should be voir dired before it decided the motion, and this was done before the jury was selected. Avrit testified defendant had sufficient notice of the cause of the injuries based on "[p]rior lawsuits and prior incidents." The court ruled Avrit could testify, but he could not mention or use "in any way, shape or form" the prior incident reports during his testimony because the incidents were not the same or similar. Plaintiffs assert this was error and argue Avrit should be able to testify to his reliance on the incident reports to show notice.

Under Evidence Code section 801, subdivision (b) an expert may rely on inadmissible evidence so long as it "is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his [or her] testimony relates . . . ." Evidence Code section 802 permits him to testify to "the reasons for his [or her] opinion and the matter . . . upon which it is based . . . ." "However, the witness 'may not testify as to the details of such matters *if they are otherwise inadmissible*. [Citations.]'" (*Genrich v. State of California*, *supra*, 202 Cal.App.3d at p. 229, italics added.)

As noted in *Genrich*, this qualification of Evidence Code section 802 does not prohibit Avrit from testifying about his reliance on the reports. In reaching that conclusion, *Genrich* relied on *West v. Johnson & Johnson Products, Inc.* (1985) 174 Cal.App.3d 831, where an expert was permitted to testify about consumer complaints the defendant had received. Even though the complaints themselves were thus not admitted

8

because they were hearsay, the expert was allowed not only to describe the complaints, but also to read portions of the reports. The court told the jury the testimony should be considered only to decide whether the defendant had notice. (*Genrich v. State of California*, *supra*, 202 Cal.App.3d at p. 229.) That rationale applies here, where plaintiff seeks to have Avrit use the reports as the basis for testifying about notice.

## DISPOSITION

The judgment is reversed. The matter is remanded for the trial court to hold a hearing, using the relaxed standard set out in this opinion, on the admission of any of the prior incident reports for purposes of showing defendant had notice of the alleged dangerous condition. When plaintiffs' expert testifies, he or she shall be entitled to rely on the prior incident reports in a manner consistent with this opinion. Plaintiffs are entitled to costs on appeal.

THOMPSON, J.

WE CONCUR:

FYBEL, ACTING P. J.

IKOLA, J.

9