REINHARDT, Circuit Judge,
dissenting:
I agree with the majority that the ladder was an open and obvious danger, but disagree that it is not foreseeable that a customer may trip on the bottom corner .of a large ladder left in the middle of the aisle. Accordingly, I dissent.
Even if there is an open and obvious danger, a landowner may still have a duty to remedy that danger if it is foreseeable that someone could be- injured by it. Krongos v. Pac. Gas & Elec. Co., 7 Cal.App.4th 387, 393, 9 Cal.Rptr.2d 124 (1992). Here, there was a large ladder in the middle of a narrow aisle that employees and customers regularly passed through. King, the Lowe’s employee who led Sassoon through the aisle, said that he had never seen a ladder left in the middle of an aisle in the five years that he had worked at Lowe’s and that it was common sense hot to leave’ a ladder there. This case shows why it was common sense not to do so. King told Sassoon to follow him through the aisle, and Sassoon, naturally, was concentrating on following him. As Sassoon passed through the aisle, his foot caught on the bottom wheel of the ladder, and he broke his small toe. As evidenced by the facts in this case, it is foreseeable that the type of .injury that Sassoon suffered may occur when a store, súch as Lowe’s, leaves a large ladder in''the middle of an aisle.
The majority concludes the opposite, contending it is not foreseeable that a customer, like .Sassoon, would encounter the ladder, because he could walk around it or use a different aisle. First, it is foreseeable .that customers squeezing through a foot and a half of space may trip on a bottom corner of the ladder blocking their way. Moreover, at busy times, two customers may have to squeeze through that small space, either both going the same way or one going one way and one the other, making it not only foreseeable but highly likely that sometime during the day some customer will collide with the bottom of the ladder. Second, contrary to the majority’s reasoning, it is unreasonable to expect a customer who is being directed by a store employee through an aisle to stop following the store employee and use a different aisle-when he spots the ladder. Especially in a store such as Lowe’s in which customers often rely on store employees to show and to explain to them the location of various products, it is foreseeable that a customer, like Sassoon, will follow an employee who is helping him. . In sum, because leaving a large object in the *628 middle of an aisle at a store (“the category of negligent conduct at issue”) is “sufficiently likely to result” in a customer tripping on the large item while following a store employee (“the kind of harm experienced”), I would hold that Lowe’s has a duty to remedy this type of hazard, Ballard v. Uribe, 41 Cal.3d 564, 224 Cal.Rptr. 664, 715 P.2d 624, 628 n. 6 (1986), and that it is a jury question whether Lowe’s breached its duty given the facts of this particular case.
California’s Supreme Court observed some time ago that “[tjhere are many cases involving accidents in mercantile establishments where the question of plaintiff’s contributory negligence has been held to be a question for the jury even though the plaintiff failed to observe what may have been an obvious danger.” Laird v. T.W. Mather, Inc., 51 Cal.2d 210, 217, 331 P.2d 617 (1958); see also Beauchamp v. Los Gatos Golf Course, 273 Cal.App.2d 20, 35, 77 Cal.Rptr. 914 (1969) (whether plaintiff was reasonable in encountering risk of wearing worn down golf spiked shoes on smooth concrete is a question for the jury). More recently, the state supreme court renewed its warning against “effectively eliminating] the role of the jury in negligence eases [by] transforming the question of whether a defendant breached the duty of care under the facts of a particular case into a legal issue to be decided by the court under the standard of care rubric.” Lugtu v. California Highway Patrol, 26 Cal.4th 703, 724 n. 13, 110 Cal.Rptr.2d 528, 28 P.3d 249 (2001). In deciding a disputed issue in this case about the particular factual circumstances of an “accident[] in a mercantile establishment,” the majority fails to heed the California Supreme Court’s warning and improperly deprives Sassoon of a jury trial. Because this case should- be resolved by a jury, I would hold that the district court erred in granting summary judgment for the mercantile store.
I dissent.