MATILDA  MURPHY,  Plaintiff,  *v.*  BROADWAY  IMPROVEMENT
COMPANY, Defendant.

First Department, December 5, 1919.

Negligence — landlord and tenant — duty of owner or occupant
to invitee — obligation of landlord who constructs show windows
and lets premises to tenant — injury to pedestrian stopping to
examine display of goods — evidence raising questions for jury.

The owner or occupant of premises who induces others to come upon his
premises by invitation, express or implied, owes to them the duty of
using reasonable care to keep the premises in a safe and suitable condition
so that they will not be unnecessarily and unreasonably exposed to danger.
Where the owner of a building having control thereof constructs show
windows on the street designed to display the goods of its tenant for the
purpose of attracting customers by inviting examination of the tenant's

goods by the passing public, it is under the duty of maintaining a stairway leading under such window to a subway station, which is subsequently to be completed, in such condition as not to subject persons who stop to examine the tenant's goods to unnecessary injury.

Under the circumstances a person who stopped to examine the tenant's goods and was injured by falling down such stairway is an invitee of the tenant, and the owner of the building may be liable for damages.

Evidence examined, and *held*, that the questions as to whether the landlord exercised due care in maintaining and lighting the premises and as to whether the plaintiff was guilty of contributory negligence were for the jury.

CLARKE, P. J., dissented.

MOTION by the plaintiff, Matilda Murphy, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the decision of the court dismissing the complaint at the close of the plaintiff's case after a trial at the New York Trial Term, in January, 1919.

*Sumner B. Stiles* of counsel [*Philip J. Dunn*, attorney], for the plaintiff.

*Edward P. Mowton* of counsel [*Nadal, Jones & Mowton*, attorneys], for the defendant.

PAGE, J.:

The action was to recover for injuries sustained by the plaintiff by falling down a stairway on the defendant's premises.

The defendant is the owner and in control of the building on the southwest corner of Broadway and Fourteenth street in the borough of Manhattan. The corner store is occupied by one Hilton as a clothing store. On the Fourteenth street and Broadway fronts there are show windows. On the Broadway front one show window extends from the corner to the entrance to the store. Another show window extends from the store entrance to the entrance to the building and extends back along the building entrance about nine feet. The entrance to the building has a stairway leading down to the subway station, which was not then in general use because the underground railway was not completed and in operation. This stairway commenced about eighteen inches inside the building line, the northerly side being formed by a wall which was in the same

plane as the show window. On the southerly side of the stairway opening was a substantial railing, guarding the opening from the entrance to the upper floors of the building which extended along that side. The floor of the entrance to the building is level with the sidewalk and for a distance consists of the same material as the sidewalk. On the evening of October 27, 1917, the plaintiff joined her husband at Hearn's store on Fourteenth street, where he was employed. They had supper at a restaurant and started for a theatre. The plaintiff testified that her husband was thinking of buying a suit of clothes. As they reached Hilton's store they commenced examining the suits exhibited in the show windows; commencing with the Fourteenth street side they proceeded around the Broadway side. On reaching the last window the plaintiff saw a suit that struck her fancy, and desiring to get a better view and also to see the suits in the rear she stepped into the entrance to the building and started to walk forward looking in the show window, fell down the stairs and was injured. At the conclusion of the plaintiff's case, on motion of the defendant, the complaint was dismissed.

The first question to be determined is whether the plaintiff was upon these premises as a licensee or an invitee of the defendant. If a mere licensee, the complaint was properly dismissed, for the law is well settled in this jurisdiction that the owner of private premises owes no duty of active vigilance to a mere licensee upon his premises, without invitation express or implied, and does not owe to him the duty of even ordinary care with respect to the condition of the premises or other buildings or machinery thereon. (*Nicholson* v. *Erie R. Co.,* 41 N. Y. 525; *Sutton* v. *N. Y. C. & H. R. R. R. Co.,* 66 id. 243; *Victory* v. *Baker,* 67 id. 366; *Larmore* v. *Crown Point Iron Co.,* 101 id. 391; *Sterger* v. *Van Sicklen,* 132 id. 499; *Cusick* v. *Adams,* 115 id. 55; *Heskell* v. *Auburn L., H. & P. Co.,* 209 id. 86; *Vaughan* v. *Transit Development Co.,* 222 id. 79.)

" Where there is no invitation, express or implied, and the one who uses the private property does so by bare permission, the well-settled rule is that he must use the property as he finds it, and the owner is held to no greater degree of care than to abstain from affirmative negligence." (*Englehardt* v. *Central New England R. Co.,* 139 App. Div. 786.)

On the other hand, the owner or occupant of premises who induces others to come upon the premises by invitation, express or implied, owes to them the duty of using reasonable care to keep the premises in a safe and suitable condition so that they will not be unnecessarily and unreasonably exposed to danger. (*Beck* v. *Carter*, 68 N. Y. 283, 292; *Camp* v. *Wood*, 76 id. 92, 96; *Davis* v. *Ferris*, 29 App. Div. 623; *Ford* v. *Wanamaker*, 165 id. 284; 172 id. 908; 224 N. Y. 655; *Heskell* v. *Auburn L., H. & P. Co.*, *supra*, 91; *Constantino* v. *Watson Contracting Co.*, 219 N. Y. 443, 446.)

The defendant owned and maintained the building in the condition in which it was on the date of the injury to plaintiff. It was responsible for constructing the stairway under the show window. It rented the store with the show window to Hilton. The purpose of the show window was to display the goods that Hilton had for sale; to advertise his stock and invite an examination thereof by the passing public. It was not expected that all who stopped to look would become immediate purchasers. All were invited that some might become purchasers. (*Leighton* v. *Dean*, 117 Maine, 40.) Therefore, certainly with respect to Hilton the plaintiff was upon the premises as his invitee. The defendant, as Hilton's landlord, owed the duty, in respect to the entrance to the building, passageway and lights, which remained in its control, to so maintain them that they were reasonably safe and suitable at all times, for all persons who were lawfully using the premises and themselves using due care, so far as it should have anticipated such use as was involved in and necessarily arose out of the purpose and business for which the store was rented. (*Marwedel* v. *Cook*, 154 Mass. 235.) The use of the show window, for the purpose of attracting attention and inviting inspection of the goods that the occupant of the store had for sale, was contemplated when the show window was constructed. That the window would be closely approached by such invitee was reasonably to have been expected. It was the duty of the defendant to so maintain the premises in relation to the show window that such invitee should not be subjected to unnecessary risk of injury. The plaintiff was lawfully on the premises as an invitee.

Whether the defendant exercised such care in regard to

maintaining and lighting the premises as a reasonably prudent person would exercise under such circumstances, and whether the plaintiff used such care herself as a reasonably prudent person should under the circumstances, were questions of fact which should have been submitted to the jury upon all the evidence in the case.

In the case of *Friedman* v. *Welwood* (185 App. Div. 268), relied upon by the respondent, the questions involved in this case were not present. That case considered the liability of the owner, who maintained a stairway adjacent to a sidewalk, to a pedestrian who slipped and fell upon the sidewalk and in some manner also fell down the stairs. No question of the duty of the owner of property to a licensee or invitee was considered.

The exceptions should be sustained and the motion for a new trial granted, with costs to plaintiff to abide the event.

DOWLING, SMITH and PHILBIN, JJ., concurred; CLARKE, P. J., dissented.

Exceptions sustained and motion for new trial granted, with costs to plaintiff to abide event. Order to be settled on notice.