[L. A. No. 15266.   In Bank.—October 25, 1935.]

ANNA BLODGETT et al., Appellants, v. B. H. DYAS CO., Respondent.

F. E. Blodgett, Edward Fitzpatrick and George R. Maury for Appellants.

. Joe Crider, Jr., for Respondent.

THE COURT.—After a further consideration of the opinion of the District Court of Appeal, we are convinced that it has reached a correct conclusion therein. We therefore adopt said opinion, written by Justice *pro tempore* Edmonds of the Second District Court of Appeal, First Division, as the opinion of this court. It is as follows:

"Plaintiff appeals from a judgment of nonsuit rendered against her in an action for personal injuries.

"At the time of the accident she was walking east on Seventh street in downtown Los Angeles, looking into the show windows of the building occupied by the defendant. Somewhere near the center. of this building on the Seventh street side there was a recess from which a stairway led to the basement. This recess from a point about five feet from the sidewalk which was immediately adjacent to the building, was almost entirely occupied by the stairway, which was ten feet in width.

"Plaintiff, intent upon a suit of clothes in the window walked around the corner of the show window on Seventh street into the entry and stepped into the stairway, receiving injuries for which she claims damages. She testified that she did not look down at the pavement on which she was walking, that she did not see the stairway nor know it was there. Her entire attention was fixed upon the suit in the window.

"The evidence shows without conflict that plaintiff heedlessly walked into an open stairway in broad daylight. She. was a pedestrian on a busy street, paying no attention whatever to where she was walking. The trial court properly granted defendant's motion for a nonsuit.

"The owner of property, in so far as an invitee is concerned, is not an insurer of safety but must use reasonable care to keep his premises in a reasonably safe condition and give warning of latent or concealed perils. He is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197

Pac. 793] ; *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 Pac. 76].)

■ "A person walking through the busy streets of a large city is charged with the knowledge that there are many open stairways leading to basements of mercantile establishments. There is no duty to give any warning in broad daylight of the presence of a stairway and persons must use their eyes to protect themselves from such obvious dangers. (*Woolworth & Co.* v. *Conboy*, 170 Fed. 934 [23 L. R. A. (N. S.) 743] ; *Hunnewell* v. *Haskell*, 174 Mass. 557 [55 N. E. 320].)

"The case of *Murphy* v. *Broadway Improvement Co.*, 189 App. Div. 692 [178 N. Y. Supp. 860], upon which appellant chiefly relies, is not determinative of her case. The accident in that case occurred at night, in a stairway not in general use and 18 inches inside the building line. It was held that the sufficiency of the lighting was a question of fact for the jury, the defendant owing the duty to maintain the entrance to the building passageway and lights, so that they were reasonably safe for all persons using the premises and themselves exercising due care. In the present case, as has been stated, plaintiff by her own testimony showed an entire lack of care for her own safety.

■ "The trial court received in evidence over the objection of the defendant, an ordinance of the city of Los Angeles requiring a center handrail in stairways more than seven feet in width. The stairway into which plaintiff fell did not have such a rail. Plaintiff insists that by the violation of such ordinance defendant was guilty of negligence as a matter of law and that she is, therefore, entitled to recover.

"The evidence shows that the lack of the handrail was neither the proximate nor any cause of plaintiff's fall. Any violation of the ordinance by the defendant would, therefore, be immaterial. ■ Even if the defendant was negligent in the violation of the ordinance, that fact would not preclude the court from finding that plaintiff was guilty of contributory negligence as a matter of law. (*David* v. *John Breuner Co.*, 167 Cal. 683 [140 Pac. 586] ; *Wagy* v. *Brave*, 133 Cal. App. 413 [24 Pac. (2d) 209].) The undisputed evidence showing a lack of due caution on the part of the plaintiff precludes her right to recover. (*Bence* v. *Teddy's Taxi*, 101 Cal. App. 748 [282 Pac. 392, 283 Pac. 86].)"

The judgment is affirmed.