FRANCIS A. FERDINANDO, an Infant, by LILLIAN FERDINANDO, Guardian ad Litem, and LILLIAN FERDINANDO, Individually, Plaintiffs, *v.* LESTER ROSENTHAL and BEN-DOR CORPORATION, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, December 20, 1938.

*Shaine & Weinrib [Edward C. Weinrib* and *Kalman I. Nulman* of counsel], for the plaintiffs.

*Arthur D. Goldstein [Meyer Bornfried* of counsel], for the defendant Lester Rosenthal.

*William Benenson*, for the defendant Ben-Dor Corporation.

LAZARUS, J. The facts herein present a novel situation. Premises 501 West One Hundred and Sixty-ninth street, owned by the defendant Lester Rosenthal, and premises 503 West One Hundred and Sixty-ninth street, owned by the defendant Ben-Dor Corporation, have separate entrances, separate superintendents and separate agents for the management of each house. However, there is a common courtyard with no apparent marks of demarcation, which serves as a means of ingress to and egress from both houses. Two steps lead from the courtyard to the street, and the plaintiff while walking diagonally across the courtyard suffered an accident due to the alleged defective character of one of the steps on that portion of the courtyard concededly on premises 501 West One Hundred and Sixty-ninth street. Plaintiff was a tenant of premises 503 West One Hundred and Sixty-ninth street.

The plaintiff had a verdict from the jury against both defendants, who now move to set that verdict aside and for a dismissal of the complaint. In my opinion these motions should be denied.

It is obvious that the owners of both properties availed themselves of the entire courtyard to their mutual advantage. Although the record is somewhat deficient in that there is no proof as to when and by whom these buildings were erected, and if at any time there was a single ownership, and although the record further fails to indicate if any easements existed on the part of either owner with respect

to that portion of the courtyard on the premises of the other, still there is proof that the courtyard in its present condition existed for at least twenty years.

Under the circumstances and from the construction of the courtyard and the surrounding facts, the court may imply an invitation extended by both owners to the tenants of each house to use the entire courtyard as a means of ingress to, and egress from, both houses.

The situation may well be analogized to that existing on adjoining properties where there is a party wall. We are told that " Where a wall has been made the common property of the adjoining owners, and a party wall, the keeping of the wall in a safe condition is a common duty, and hence for injury to a third person, caused by its falling they are jointly liable." (47 C. J. 1349. Cf. *Simmons* v. *Everson,* 124 N. Y. 319.)

The defendant Rosenthal would avoid liability to the plaintiff on the contention that the plaintiff was on his premises as a mere licensee, and took the premises as she found them, and to whom he owed no duty of active care. (*Heskell* v. *Auburn L., H. & P. Co.,* 209 N. Y. 86.)

I am of the opinion, however, that the plaintiff was on the premises of the defendant Rosenthal in the status of an implied invitee and that the defendant Rosenthal owed him the duty by inspection, or otherwise, to render his premises reasonably safe for his passage.

While it is true that mere acquiescence does not become an invitation (*Vaughan* v. *Transit Development Co.,* 222 N. Y. 79), there was here more than acquiescence — an invitation can be spelled out from the facts and circumstances.

In the analogous case of *Danna* v. *Staten Island Rapid Transit R. Co.* (252 App. Div. 776) the court said: " In an action to recover damages for personal injuries sustained by an infant, and for expenses and loss of services by his father, judgment dismissing complaint reversed on the law and a new trial granted, costs to abide the event. We are of opinion that a railroad company may, by acquiescence in the long-continued use of its property to such an extent that a roadway or passageway exists, except as to the use of the length of the tracks themselves, obligate itself to assume the duty of exercising reasonable care to prevent injury by reason of its operation to those who traverse such roadway. (*Byrne* v. *N. Y. C. & H. R. R. R. Co.,* 104 N. Y. 362; *Lamphear* v. *N. Y. C. & H. R. R. R. Co.,* 194 id. 172; *Skzypek* v. *Long Island Railroad Co.,* 245 App. Div. 309; 249 id. 629; affd. without opinion, 275 N. Y. 508.) Furthermore, an exception to the general rule as to lack of affirmative duty exists where an owner permits a part of his prem-

ises to be used as a public passageway and creates a dangerous condition, in the nature of a snare, in the immediate proximity of such passageway. (*Beck* v. *Carter*, 68 N. Y. 283.) "

Although the question is not free from doubt and research has failed to disclose a similar case, I am of the opinion that the motion of the defendant Ben-Dor Corporation should also be denied.

The defendant Ben-Dor Corporation argues that it is not responsible to the infant plaintiff because it had no duty to maintain in good repair the entrance to 501 West One Hundred and Sixty-ninth street. It would appear that to hold the defendant Ben-Dor Corporation responsible to the infant plaintiff there is no necessity to rest such responsibility on a duty to maintain the courtyard of premises 501 West One Hundred and Sixty-ninth street in repair, but upon a duty of inspection to determine whether the use of the entire courtyard was safe.

In the case of *Fornagiel* v. *Wacholder* (247 App. Div. 305; affd., 272 N. Y. 589) the defendant Wacholder, owner of premises 1765 Prospect place, Brooklyn, N. Y., directed her tenants to use the clothespole owned by the defendant Penner, owner of premises 1769 Prospect place, Brooklyn. This clothespole was defective and fell, striking the infant plaintiff who was playing in the courtyard of the premises owned by the defendant Wacholder.

The court held that the act of the defendant Wacholder in authorizing her tenants to use the pole was one which imposed upon her a duty by inspection, or otherwise, to determine whether such use would be reasonably safe, even though she was not the owner of the pole.

It was further held that the defendant Wacholder, by her authorization to her tenants, assumed control of the pole in Penner's yard to the same extent as though it was part of her own premises, and was obliged to see that it was reasonably safe for use. The failure on her part so to do was held to constitute negligence.

While it is true that herein there is no proof of express authorization on the part of the Ben-Dor Corporation to its tenants to use the courtyard of premises 501 West One Hundred and Sixty-ninth street, yet such invitation may reasonably be spelled out of the circumstances that for at least twenty years the courtyard was so used by the tenants of 503 West One Hundred and Sixty-ninth street, and from the construction of the courtyard itself.

Indeed, it may be said that such usage of the entire courtyard by the tenants of both buildings was contemplated by its construction. (See *Murphy* v. *Broadway Improvement Co.*, 189 App. Div. 692.)

It was for the jury to say herein whether or not the defendant Ben-Dor Corporation violated its duty of inspection to the infant plaintiff and was thus guilty of negligence.