[Civ. No. 19621.   Second Dist., Div. Two.   Oct. 15, 1953.]

ESTELLE E. HOLMES et al., Appellants, v. FAYE
MOESSER, Respondent.

Henry C. Rohr for Appellants.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker
for Respondent.

McCOMB, J.—From a judgment in favor of defendant, predicated upon the granting of her motion for a directed verdict in an action to recover damages for personal injuries resulting from a fall on a stairway, plaintiffs appeal.

Viewing the evidence, as we must, in the light most favorable to appellants (*Hunt* v. *United Bank & Trust Co.*, 210 Cal. 108, 117 [9] [291 P. 184], the facts are these:

Defendant was the owner of an apartment house in which plaintiffs (husband and wife) rented an apartment which they occupied March 1, 1951. The apartment rented by plaintiffs was located on the second floor to the right of the front stairway when ascending the stairs. The stairway had two portions with a landing at the halfway point. In ascending the stairs the first series of steps from the ground floor to the middle landing had a wall without a handrail on the right side and a wall with a wooden rail on the left side. From the landing to the second floor the steps had a wall on the left without a handrail and a wall on the right side which was 32 or 33 inches above the steps and was 5½ inches wide. The following is a photograph of the area:

Between 11 and 12 o'clock on the morning of June 7, 1951, plaintiff Estelle E. Holmes descended the stairway to get any mail that might have been delivered. With a letter in

her hand she started up the stairs. She was wearing "spectator" shoes with "box" toes, in other words, a sport shoe with a cuban heel. After having ascended the first series of steps to the landing she stepped from the landing onto the first step with her right foot, raised her weight thereon and then placed her left foot on the second step. Her left foot slipped causing her to fall with resulting personal injuries.

Plaintiffs contend that defendant was negligent in having failed to comply with section 46 of the State Housing Act (Stats. 1923, ch. 386 (pp. 781, 812) which provides in part: "Every stairway hereafter constructed, in an apartment house or hotel, shall be as follows: . . . Every stairway shall have at least one handrail, and if the stairway be five feet or more in width, shall have a handrail on each side thereof."

This is the sole question necessary for us to determine:

*Is there any substantial evidence which would sustain an inference that defendant's alleged negligence\* was the proximate cause of plaintiff Estelle Holmes' injury?*

*No.* ■ In order to warrant a judgment for negligence plaintiffs must prove that defendant has committed a wrongful act which is the proximate cause of plaintiff's injury. It is not sufficient that the evidence raises merely a conjecture, a suspicion or a speculation that defendant has committed a wrongful act. (*Chapman* v. *Title Ins. & Trust Co.*, 68 Cal. App.2d 745, 751 [5] [158 P.2d 42].)

■ It is likewise settled that the burden of proof is on plaintiff to show the causal connection between the alleged negligence and the resulting injury. (*McKellar* v. *Pendergast,* 68 Cal.App.2d 485, 489 [2a] [156 P.2d 950].)

■ Applying the foregoing rules to the facts in the present case, the uncontradicted evidence discloses that the proximate cause of plaintiff Estelle Holmes' injury was the slipping of her foot off the step which caused her to fall and be injured and not the absence of a handrail on the stairway. This being true plaintiffs have failed to sustain the burden of proof incumbent upon them to show that any negligence of defendant was the proximate cause of the injury. Therefore an essential element of their case was not proven and the trial court properly directed a verdict in favor of defendant. (*Blodgett* v. *B. H. Dyas Co.*, 4 Cal.2d 511, 513 [3] [50 P.2d 801].)

---

\*For the purposes of this opinion only, we assume that defendant was negligent in failing to maintain a handrail on the second flight of steps.

█ Since there was a total absence of any evidence of negligence on the part of defendant other than the failure to provide a handrail, assuming this failure constituted negligence, such negligence is immaterial in the instant case, for, as the Supreme Court said in *Blodgett* v. *B. H. Dyas Co., supra,* page 513: "The evidence shows that the lack of the handrail was neither the proximate nor any cause of plaintiff's fall. Any violation of the ordinance by the defendant would, therefore, be immaterial."

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied November 3, 1953, and appellants' petition for a hearing by the Supreme Court was denied December 10, 1953. Carter, J., was of the opinion that the petition should be granted.