[Civ. No. 6985. Fourth Dist. Aug. 14, 1963.]

ANTONIA P. MONTIJO, Plaintiff and Appellant, v. WESTERN GREYHOUND LINES, Defendant and Appellant.

McCarthy & Pollock, Mark P. Robinson, Linley, Duffy & Smith and Walter R. Trinkaus for Plaintiff and Appellant.

McInnis, Focht & Fitzgerald and John W. McInnis for Defendant and Appellant.

COUGHLIN, J.—This is an appeal by the defendant from a judgment after verdict in favor of the plaintiff, and from orders denying motions for a directed verdict and for judgment notwithstanding the verdict; and a cross-appeal by the plaintiff from an order granting the defendant's motion for a new trial. The plaintiff brought the action to recover damages for injuries sustained when she fell while descending a stairway in a bus depot owned and operated by the defendant bus company; contended that the injuries received as a result of her fall were caused by the negligent construction and maintenance of the stairway in that the handrails attached to the adjoining tile walls thereof did not extend to the bottom of the stairs, and the tile on those walls had been set at such an angle that in descending the stairway it appeared that the bottom of the stairs was at a place which, in fact, was a step above the bottom; and, after trial before a jury, obtained a verdict and judgment awarding her damages. Prior to submission, the defendant bus company moved for a directed verdict. This motion was denied. Following entry of judgment, it moved for a judgment notwithstanding the verdict, and also moved for a new trial. The court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial "upon the ground of the insufficiency of the evidence to justify or to sustain the verdict." The aforesaid appeals and cross-appeal followed.

*Plaintiff's Cross-Appeal*

The plaintiff contends that in granting the motion for a new trial on the ground of the insufficiency of the evidence the trial court abused its discretion in the premises because the evidence establishes without substantial conflict that the failure to extend the handrails to the edge of the bottom

step, and the angle at which the tile had been set against the adjoining walls, created a dangerous condition; that the defendant's maintenance of the stairway in such condition constituted negligence as a matter of law; and this negligence proximately caused the injuries she received.

The plaintiff, as an invitee in the defendant's bus depot, used its restroom facilities, which were located on a mezzanine floor at the top of the stairway in question; after doing so, descended the stairway; was carrying a suitcase and a purse; at the last or next to the last step, fell; testified that she did not remember what caused her to fall, that she fell on her face, and that the next thing she remembered was two men picking her up and seating her on her suitcase; while so seated told a representative of the defendant company that as she was coming down the stairs she missed either the last or the next to the last step and fell; but, otherwise was unable to relate coherently what had occurred. The evidence leaves in an uncertain state whether the plaintiff told the company representative that she "missed" or "misjudged" the step at the time of her fall, and whether the step involved was the last or the next to the last. She was 80 years of age; weighed 160 pounds; was described by her daughter as "quite heavy"; wore glasses, which were not broken by the fall; had high blood pressure, for which she was being treated; had arteriosclerosis which, from the testimony of her doctor, inferentially included cerebral arteriosclerosis; and also had osteoporosis, i.e., a demineralization of the bone which causes it to become weakened.

The stairway was 4 feet in width; the tread of each step, being that part thereof upon which a person stands, was 10 inches in depth; and there was testimony that, as a person descended the stairway, the handrails terminated on a vertical plane 2 inches beyond the tread of the next to the last step or, stated otherwise, because each higher tread overlaps that below it by two inches, the handrail extended four inches onto the tread of the bottom step. The plaintiff contends that the evidence establishes without dispute that the construction of the handrails in the manner indicated was not in accord with accepted practice, which required them to extend to or beyond the vertical plane even with the edge of the tread of the bottom step, and was contrary to an applicable building code, which directed that they extend to "within one-half tread of the full length of each flight," i.e., within the outside half of the tread of the bottom step in question.

This contention is supported by expert testimony and the provisions of a building code ordinance. There also is evidence supporting the plaintiff's further contention that the shortness in the subject handrails gave the impression that the stairway ended at a point where the rails ended, which was not the fact, and that the angle at which the tile had been set along the side walls accentuated this illusion. In other respects the stairway was constructed properly; was clean, dry and well lighted; and, at the time of the plaintiff's fall, was free of any debris.

In response to the question: "And do you remember whether you used that handrail?", the plaintiff testified: "Yes, I always did." The plaintiff contends that this testimony establishes that she was using the handrail while descending the stairs; that she fell at a place beyond its terminus; and that the failure to extend the handrails to the edge of the bottom step, and the illusion with respect to the position of the landing place, proximately caused the injuries which she sustained as a result of the fall. The evidence does not unequivocally state whether the use of the handrail referred to in the plaintiff's testimony occurred while she went up the stairs or came down them; if the latter, which handrail was used; whether the rail was used during all of her descent; whether she was holding the rail at the time she missed or misjudged the step from which she fell; and how she was carrying both the suitcase and her purse.

Unless the failure to extend the handrails to the bottom of the stairway, or the illusion created by the shortness of the rails and the manner in which the tile had been set in the adjacent walls, was a proximate cause of the plaintiff's injuries, no liability attaches on account of its allegedly negligent construction or maintenance. (*Blodgett* v. *B. H. Dyas Co.*, 4 Cal.2d 511, 513 [50 P.2d 801]; *Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363, 364 [64 P. 480]; *Hill* v. *Matthews Paint Co.*, 149 Cal.App.2d 714, 722 [308 P.2d 865]; *Holmes* v. *Moesser*, 120 Cal.App.2d 612, 614 [262 P.2d 27].)

In support of her position, the plaintiff makes two positive assertions which cannot be accepted, *viz.*, (1) the evidence establishes unequivocally that she was using the handrail as she descended the stairs; and (2) the issue of proximate cause is not necessarily concerned with what originally prompted her fall but "with the absence of support from the handrailing which would have been available regardless of the original cause of her fall."

■ The only evidence in the record respecting the plaintiff's use of the handrail was elicited by the question: "And do you *remember* whether you used that handrail?", to which she replied: "Yes, *I always did*"; was ambiguous; required interpretation; and could have been rejected as untrustworthy. (Italics ours.) The plaintiff was asked whether she *remembered* whether she had used the handrail. Her "Yes" reply may have indicated either that she remembered, that she used the handrail, or both. The volunteered additional statement, "I always did," furnishes a reason for her "Yes" answer; justifies the conclusion that her remembrance of the events was based on what she *always did*; indicates only her belief that she must have used the handrail on this occasion because she always used it; and practically destroys the verity of the statement. In addition, there was no inquiry as to the manner in which she was carrying her suitcase and her purse; whether one was in each hand or both were in one hand; if the latter, which hand was free; or whether she had no memory of these matters. The plaintiff testified that she was wearing glasses, and fell on her face. The glasses were not broken and, from this fact, the trial court was entitled to conclude either that she was not wearing her glasses, or did not fall on her face. Considered as a whole, the plaintiff's testimony was subject to question, and to rejection as untrustworthy. (*Hicks* v. *Reis*, 21 Cal.2d 654, 659-660 [134 P.2d 788]; *Shields* v. *Shields*, 200 Cal.App.2d 99, 101 [19 Cal.Rptr. 129]; *Mears* v. *Mears*, 180 Cal.App.2d 484, 501 [4 Cal.Rptr. 618].)

The evidence supports conflicting inferences respecting the cause of plaintiff's fall, some of which are not attributable to any alleged negligent conduct on the part of the defendant. There were no witnesses to the fall. The plaintiff remembered only that she fell and that thereafter she was lifted by two men and seated on her suitcase. It is apparent that some period of time elapsed from the time of her fall until the plaintiff saw the two men beside her. It may be inferred that she had no recollection respecting the course of events during this time. The evidence heretofore related, together with adequate medical testimony, supports the conclusion that the plaintiff may have had a dizzy spell or a blackout which was the cause of her fall. If this be the fact, the existence or nonexistence of a handrail, or the illusion respecting the position of the landing place, would not have been related to the fall or the resultant injuries. Furthermore, the court was entitled to conclude that both of the plaintiff's hands were occupied in carrying

her purse and her suitcase. Under such circumstances, a short handrail would not have been the proximate cause of her injuries. In addition, the lack of evidence negativing the existence of common causes of similar falls, such as the condition of a person's shoes, the turning of an ankle, the loss of balance induced by carrying a purse and a suitcase down a steep stairway, the neglect to observe an obvious condition, or an act of nature resulting from the weakened condition of bones due to the existence of osteoporosis, justified the court's rejection of the plaintiff's theory that the cause of her fall and resultant injuries was the alleged defective condition of the stairway.

Moreover, there was evidence from which the court could have concluded that the subject handrail extended to within 1½ inches of the middle of the bottom tread; that such an installation conformed to accepted practices; that the failure to comply with the building code by extending the rails an additional 1½ inches occurred under circumstances overcoming any presumption of negligence premised on a technical violation of the building code ordinance (see generally *Alarid* v. *Vanier*, 50 Cal.2d 617, 621, 624 [327 P.2d 897]; *Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1, 9 [271 P.2d 34]; *Tossman* v. *Newman*, 37 Cal.2d 522, 525 [233 P.2d]); that there was no illusion respecting the position of the landing place at the bottom of the stairs; that its true location was obvious and clearly discernable; and that, for these reasons, the charge of negligence was not established.

The conclusion of the trial court, implied in its order granting a new trial, either that the defendant was not negligent or that its alleged negligence was not a proximate cause of her injuries is fully supported by the evidence and the law in the premises.

The rules which govern the granting of a motion for a new trial upon the ground of insufficiency of the evidence have been oft repeated and need not be reiterated here. (See *Ferrel* v. *Safway Steel Scaffolds*, 57 Cal.2d 651 [21 Cal.Rptr. 575, 371 P.2d 311]; *Richardson* v. *Ham*, 44 Cal.2d 772 [285 P.2d 269]; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357 [170 P.2d 465]; *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305 [163 P.2d 689]; *Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165 [153 P.2d 338].) Judged thereby the order of the trial court granting a new trial herein did not constitute an abuse of discretion in the premises.

### Appeal Of Defendant

In reviewing the propriety of the order denying the

defendant's motion for judgment notwithstanding the verdict, contrary to the approach taken in reviewing the propriety of the order granting its motion for a new trial, we must accept any substantial evidence, including inferences reasonably deducible therefrom, which supports the verdict; must view the evidence in the light most favorable to the plaintiff; must resolve all conflicts therein in her favor; and must accept those inferences which support the verdict and reject those opposed to it; and must affirm the order denying the motion if there is any substantial evidence supporting the verdict. (*Brandenburg* v. *Pacific Gas & Elec. Co.*, 28 Cal.2d 282, 284 [169 P.2d 909].)

The defendant contends that the evidence fails to show that any alleged negligence charged against it was a proximate cause of the plaintiff's injuries.

The jury was entitled to accept the testimony of the plaintiff that she used one of the handrails at the time she descended the stairway; to find that the handrail did not conform in length to the established practice or the building code requirements; also to find that the length of the railing and the set of the tile on the adjoining walls created an illusion which made it appear that the next to the last step was the bottom step, and that upon reaching this position on the stairway no further downward step would be taken; to conclude that the plaintiff fell because she misjudged the last step and that this misjudgment was caused by the aforesaid illusion; to determine that whatever may have been the cause of her misjudging the last step, she would not have fallen if she had not released the handrail because it had come to an end; and, on this basis, to have rendered a verdict in favor of the plaintiff.

Evidence that the stairway was maintained in a condition which, upon descent, created a deceptive appearance respecting the position of its landing place, and the location of the last step, was sufficient to support a finding of negligence. (*Casserly* v. *City of Oakland*, 6 Cal.2d 64, 66 [56 P.2d 237].) Likewise, evidence that the handrails thereon did not extend to the bottom thereof also was sufficient for this purpose. (*Laird* v. *T. W. Mather, Inc.*, 51 Cal.2d 210, 215-216 [331 P.2d 617]; *Gerard* v. *Wilson Holding Co.*, 79 Cal.App.2d 553, 554-555 [180 P.2d 380].)

That the deceptive appearance in question and the shortness of the handrail were a proximate cause of the plaintiff's fall or injuries properly could have been inferred from the

evidence at hand. The jury was authorized to reject all of the evidence, including inferences, which would support a finding that the plaintiff's fall was caused by other than the deceptive level of the landing place and the appearance of the next to the last step as the last step, and to conclude that the condition creating this deception was the sole cause of her fall. Furthermore, the jury was entitled to believe the plaintiff's testimony; to conclude therefrom that she was holding on to the handrail until it came to an end; and to infer that if the rail had extended across the bottom step she would have been holding it when she made her fatal false step and would not have fallen. (*Stockwell* v. *Board of Trustees,* 64 Cal.App.2d 197, 204-207 [148 P.2d 405]; *Rovegno* v. *San Jose K. of C. Hall Assn.,* 108 Cal.App. 591, 595 [291 P. 848].)

█ The evidence does not establish the defense of contributory negligence as a matter of law. Whether the alleged defective condition of which the plaintiff complains was obvious and, if so, whether her failure to observe the same under the circumstances of this case constituted negligence, were questions of fact. (*Chance* v. *Lawry's, Inc.,* 58 Cal.2d 368, 375 [24 Cal.Rptr. 209, 374 P.2d 185]; *Laird* v. *T. W. Mather, Inc., supra,* 51 Cal.2d 210, 217; *Gerard* v. *Wilson Holding Co., supra,* 79 Cal.App.2d 553, 555.) █ There was ample evidence to support a finding that the plaintiff was not contributorily negligent.

The order denying the defendant's motion for judgment notwithstanding the verdict was proper.

The order granting the defendant's motion for a new trial and the order denying its motion for judgment notwithstanding the verdict are affirmed. █ The order denying the defendant's motion for a directed verdict is not appealable (Code Civ. Proc., § 963; *Estate of Albertson,* 31 Cal.App.2d 211, 218 [87 P.2d 883]), and the attempted appeal therefrom is dismissed. The judgment has been set aside by the order granting a new trial. Under the circumstances of this case, the appeal therefrom is moot and is dismissed.

Griffin, P. J., and Brown (Gerald), J., concurred.

The petitions of plaintiff and appellant and of defendant and appellant for a hearing by the Supreme Court were denied October 9, 1963.