[Civ. No. 7652.   Fourth Dist., Div. One.   Feb. 4, 1966.]

J. W. MARTIN, JR., Plaintiff and Respondent, v. CULVER ENTERPRISES, INC., et al., Defendants and Appellants.

Yale, Wilson, Summers & Yale and William A. Yale for Defendants and Appellants.

Ewing & McKee and Richard A. McKee for Plaintiff and Respondent.

COUGHLIN, J.—Plaintiff, a real estate broker, obtained an exclusive three-day listing upon defendants' property to sell the same for not less than $500,000, which provided for payment of a commission in an amount the actual sale price exceeded $500,000. Plaintiff brought this action on the listing agreement contending he had obtained a purchaser ready, willing and able to pay $533,000 cash; sought recovery of $33,000 as a broker's commission; received an adverse verdict after jury trial; and moved for judgment notwithstanding the verdict, and alternatively for a new trial, which was granted. Defendants appeal from the judgment entered accordingly, and from the order granting the new trial which was to be effective in the event the judgment was reversed on appeal. (Code. Civ. Proc., § 629.)

The determinative issues on appeal are (1) whether the evidence establishes as a matter of law that plaintiff obtained a purchaser ready, willing and able to purchase defendants' property upon the terms set forth in the listing agreement; and (2) in the event the evidence does not sustain plaintiff's cause of action as a matter of law, whether the state of the record is such as to authorize the trial court to grant a new trial because of the insufficiency of the evidence to support the verdict.

At the trial defendants attempted to introduce parol evidence for the alleged purpose of clarifying the provisions of the listing agreement. An objection thereto was sustained. On appeal they contend this was error. The listing agreement provides .for the payment of a commission in the event the property is sold during the three-day listing period; fixes the sale price at $500,000 plus whatever commission the broker was to receive; provides for a deposit of $50,000 in escrow upon execution of instructions, and the balance to be in cash; and further provides that the owners reserved the right "to interject a trade, provided said trade would not interfere with closing this escrow", and that the owners reserved the right to lease the property "for 5 years at $28,000.00 per year, Cash, Payable ½ Aug. 1, ½ Feb. 1, each year of lease with privilege of Subletting." There was no ambiguity or uncertainty in these provisions which authorized the introduction of parol evidence.

█ The evidence is sufficient to establish that within the three-day period plaintiff obtained a purchaser for the property for $533,000; the purchaser, viz., Cunningham Company, deposited $50,000 in escrow, and caused escrow instructions to be prepared, but did not sign the same; and defendants, owners of the property, refused to sell. The escrow instructions provided that closing the escrow was subject to the closing of two other escrows. It appears Cunningham Company was acquiring the subject property in order to fulfill a commitment in another escrow wherein a part of this property was to be transferred to a person named Post. The other escrows referred to the Cunningham-Post transaction. At the trial an officer of Cunningham Company testified the company intended to purchase the subject property even though the escrows involving the Cunningham-Post transaction were not closed, i.e., that Cunningham Company intended to purchase the subject property in any event. The same officer also testified Cunningham Company was able financially to pay the $533,000 in cash. Plaintiff attempted to communicate the offer of purchase to defendants, and to advise them of the proposed escrow, but was unable to do so because the individual defendant, who was also an officer of the corporation defendant, was away. The individual defendant learned of the escrow from an escrow officer when preparing an escrow for a sale of the property to another prospective purchaser.

Defendants contend plaintiff was not entitled to his commission because the proposed purchaser had not signed the escrow instructions, i.e., had not made an offer in writing to purchase; added a condition to the terms of sale provided for in the listing agreement, i.e., that the escrow was subject to the closing of two other escrows; and was not able to purchase.

Plaintiff contends the evidence establishes without conflict the procurement of a purchaser ready, willing and able to purchase upon the terms provided in the listing agreement.

█ When a broker, employed to negotiate a sale of real property, procures a purchaser able, ready and willing to purchase upon vendor's terms, his right to the agreed commission is complete, provided he procures "a valid contract to purchase, which can be enforced by the vendor if his title is perfect; or if he does not procure such contract, to bring the vendor and the proposed purchaser together, that the vendor may secure such a contract, unless he is willing to

trust to an oral agreement.'' (*Gunn* v. *Bank of California,* 99 Cal. 349, 353 [33 P. 1105].) ▮ Under this rule, the fact that the broker does not procure a written contract from the proposed purchaser does not foreclose recovery of the broker's commission providing he has procured a purchaser ready, willing and able to purchase on the terms prescribed by the listing agreement. (*Barnes* v. *Osgood,* 103 Cal.App. 730, 735 [284 P. 975].) However, it is established law that: ''The readiness and willingness of a person to purchase the property can be shown only by an offer on his part to purchase; and unless he has actually entered into a contract binding him to purchase, or has offered *to the vendor,* and not merely to the broker, to enter into such a contract, he cannot be considered a 'purchaser.' '' (*Mattingly* v. *Pennie,* 105 Cal. 514, 519 [39 P. 200, 45 Am.St.Rep. 87]; *McCoy* v. *Zahn Corp.,* 183 Cal. 191, 195-197 [191 P. 20]; *Hicks* v. *Christeson,* 174 Cal. 712, 717-718 [164 P. 395]; *Massie* v. *Chatom,* 163 Cal. 772, 775-776 [127 P. 56].) ▮ On the other hand, if the vendor prevents performance of the broker's obligation to bring the purchaser and the vendor together in order that the latter may secure a contract upon the terms prescribed in the listing agreement, the broker is entitled to his commission upon proof that the proposed purchaser was ready, able and willing to buy upon such terms. (*Collins* v. *Vickter Manor, Inc.,* 47 Cal.2d 875, 881 [306 P.2d 783]; *Gunn* v. *Bank of California, supra,* 99 Cal. 349, 354.) ▮ To entitle the broker to a commission the purchaser procured must be willing to purchase on the terms prescribed in the listing agreement. (*Devereaux* v. *Harper,* 210 Cal.App. 2d 519, 524 [26 Cal.Rptr. 837].) The offer to purchase on those terms must be unconditional. (*Love* v. *Gulyas,* 87 Cal. App.2d 608, 613 [197 P.2d 405].) ▮ Nevertheless, if the prospective purchaser proposes a condition to the sale to which the vendor does not object but asserts only his unwillingness to sell as a reason for his refusal to proceed with the sale, he may not defend against the broker's claim for a commission upon objections to details the broker might have supplied or corrected if they were brought to his attention. (*Lathrop* v. *Gauger,* 127 Cal.App.2d 754, 767 [274 P.2d 703].) ▮ When the evidence in this case is viewed in the light of the foregoing principles of law, it appears the trier of fact reasonably could have found in favor either of the plaintiff

or the defendants, depending upon what testimony was accepted and what inferences reasonably deducible therefrom were drawn. In this regard it should be noted that the uncontradicted testimony of a witness does not establish the fact to which the testimony is directed as a matter of law where the trier of fact may reject the testimony as incredible. (*Montijo* v. *Western Greyhound Lines*, 219 Cal.App.2d 342, 347 [33 Cal.Rptr. 184].) The testimony of the officer of Cunningham Company that the corporation was willing to purchase the property without condition is contradicted by the fact that he caused instructions to be drawn containing the condition that closing the escrow for the sale of the property was subject to the closing of two other escrows. This state of the record would support a finding that the offer to purchase was not unconditional. As the credibility of this witness was subject to question in the regard noted, the trier of fact also was entitled to reject his testimony that Cunningham Company was financially able to purchase the property, and find that it did not have this ability. In addition, the evidence supports the inference that Cunningham Company's offer to purchase was made only to plaintiff, the broker, and not to the defendants. The fact that the testimony of the officer of Cunningham Company, if accepted, was sufficient to establish its readiness, willingness and ability to purchase the property unconditionally (*Lathrop* v. *Gauger, supra,* 127 Cal.App.2d 754, 769), and the further fact that from conflicting inferences deducible from the evidence the trier of fact could have concluded that Cunningham Company directed its offer to purchase to defendants, and not merely to plaintiff as broker, did not authorize granting plaintiff's motion for judgment notwithstanding the verdict as the trier of fact was not required to accept this testimony or draw this conclusion.

It is a settled rule that: "In reviewing the judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the verdict." (*McFarland* v. *Voorheis-Trindle Co.*, 52 Cal.2d 698, 703 [343 P.2d 923]; *Johns* v. *Ward*, 191 Cal.App.2d 603, 609 [12 Cal.Rptr. 839].) As a consequence, under the circumstances heretofore noted, the order granting plaintiff's motion for judgment notwithstanding the verdict was error and the judgment thereon must be reversed.

In considering the propriety of the order granting plaintiff's motion for a new trial because of the insufficiency of the evidence as a matter of fact the court on appeal must

consider the evidence in support of the position of the moving party, viz., the plaintiff, and in light of this evidence determine whether the granting of the motion was a valid exercise of the discretion of the trial court in the premises. (Gen. see *Montijo* v. *Western Greyhound Lines, supra,* 219 Cal.App.2d 342, 347-349.) Unless there is no substantial evidence which, if accepted by the trier of fact, would support a judgment for plaintiff, the order granting the new trial must be affirmed. (*Ferrel* v. *Safway Steel Scaffolds,* 57 Cal.2d 651, 653 [21 Cal.Rptr. 575, 371 P.2d 311].) The evidence here would support a judgment for the plaintiff. No abuse of discretion in granting the motion for new trial appears.

The judgment is reversed and the order granting the new trial is affirmed. Defendants to recover costs on appeal.

Brown (Gerald), P. J., and Whelan, J., concurred.