[Civ. No. 29978.   Second Dist., Div. Two.   Aug. 3, 1967.]

FLORENCE HAZELWOOD, Plaintiff and Appellant, v.
PAUL GORDON, Defendant and Respondent.

Eugene V. McPherson for Plaintiff and Appellant.

McBain & Morgan, Elmer O. Docken and Abe Mutchnik for Defendant and Respondent.

ROTH, P. J.—Florence Hazelwood appeals from a judgment entered upon verdict of a jury in favor of Paul Gordon and denial of her motion for a new trial.[1] She had sued for damages suffered as a consequence of injuries incurred when she fell down a flight of stairs at the rear of a building on West Third Street in Los Angeles. The building was owned by respondent Gordon, and leased in part to appellant's employer, California Western States Life Insurance Company (Company).

Appellant alleged respondent negligently constructed and maintained the rear staircase. Gordon denied negligence, alleged contributory negligence by appellant, and cross-complained against appellant's employer.

At the time of her fall, appellant had been employed as a secretary by Company for about a year. The company's offices were on the second floor of the building; respondent occupied the lower floor.

At about 5 p.m. on May 20, 1960, appellant left Company's office carrying mail in her right hand, and a bank deposit in her purse which she carried on her left arm. She testified she walked to the top of the stairs. "When I stepped down I stepped, my whole foot was not on the step and apparently not enough of my foot was on the step to hold all my weight, because when I finally put my foot—my weight on the foot that was stepped down, it wasn't there, and I went head first."

Appellant fell against the stucco wall at her left, and then to the bottom of the steps, coming to rest with her feet still on the steps, her hip on the wide step at the bottom of the stairway, and her head against the tire of a car parked at the bottom of the stairs. She stated she injured her neck, back, both legs and one arm. She arose and walked about one block to a friend's (who is a nurse) house and received first aid treatment. Thereafter, she saw a doctor. In the following two

[1]The appeal from this motion is dismissed. (Code Civ. Proc., § 956.)

weeks, she stayed home, except for visits to a hospital for treatment.

In July 1960 she was hospitalized for neck treatment, and also for an emotional upset. In May 1961, an examination revealed a small calcification in her neck, which was removed surgically. Her physician believed it was related to the fall.

· Three physicians testified on behalf of respondent. Dr. Johnson, from an examination of appellant made on July 5, 1961, found no residual trauma from her fall. Dr. Crowe, from an examination in December 1963, found no orthopedic residuals from the fall. Dr. Galland treated appellant in 1957 following an automobile accident and in April 1959 after a fall while skiing. In his opinion, the calciferous nodule in appellant's neck, which was removed by her physician in May 1961, was not caused by her fall down the stairs.

Appellant testified she used the back staircase at least twice a day and "always" felt the stairs were dangerous. She stated she was 5 feet 4 inches tall and weighed around 145-150 pounds at the time of her fall; she wore a size 9 shoe, "which is fairly large feet," she said.

John Cowles, a licensed general contractor who examined the staircase on behalf of appellant, stated that in his opinion, relative to "the standard of building practices in Los Angeles" during the years 1953 and 1954, ". . . I would say this stairway was rather steep." He noted there was some variation between the "run of different steps," and also as to the "rise" of the staircase. ". . . [Y]ou are well within the Code requirement as far as the rise. The place I think that you are perhaps lacking . . . as far as the Code is concerned is this run which is the distance between nose to nose." Cowles indicated the Code specified a minimum dimension of 9 inches; the run varied from 8½ to 10 inches, the maximum variation being on the *bottom* step. Appellant also attempted to show the "handrail" on the staircase was inadequate.

Appellant contends the evidence fails to support the verdict in that she established violations of the applicable Los Angeles City Ordinances in the construction of the stairway, and therefore is entitled to recover.

The jury brought in a general verdict in favor of respondent. On appeal, we need not speculate on which grounds the jury so concluded (*Nigro* v. *West Foods of California,* 218 Cal.App.2d 567, 571 [32 Cal.Rptr. 692]). Such a verdict supports findings in favor of the prevailing party on all material issues (*Behr* v. *County of Santa Cruz,* 172 Cal.

App.2d 697, 712 [342 P.2d 987]), and if the evidence supports the verdict on any theory of the case, it will be assumed the jury so found. (See *Hudgins* v. *Standard Oil Co.,* 136 Cal. App. 44, 50 [28 P.2d 433].)

■ The evidence clearly supports a verdict for respondent. Assuming arguendo that appellant's evidence showed the stairway failed to meet statutory standards, she did not sustain her burden of proving that such violations *proximately caused* her injuries. (*Blodgett* v. *B. H. Dyas Co.,* 4 Cal.2d 511, 513 [50 P.2d 801]; *Holmes* v. *Moesser,* 120 Cal.App.2d 612, 614 [262 P.2d 27] [directed verdict for defendant affirmed where plaintiff alleged injury in stairway fall].)[2]

Appellant's own testimony showed she fell from improperly placing her foot on the very top step of the staircase. The violations of ordinances she alleged pertained to the handrail and to lower steps. Further, she stated she believed even prior to the fall that the stairs were ''dangerous.'' Such testimony supports findings both of lack of proximate cause for appellant's injuries, and of her contributory negligence.

■ Appellant contends the trial court erred in failing to instruct the jury in the language of B.A.J.I. No. 101-E (''Possibility of Avoiding Accident Not Test of Negligence'') and No. 102-B (''When a Person Must Work in Dangerous Situations'').

B.A.J.I. No. 101-E provides: ''The mere fact, if it is a fact, that it was possible for a person to avoid an accident that he did not avoid, does not, of itself, justify a finding that he was negligent or contributorily negligent. If a person exercised ordinary care and did all that an ordinarily prudent person would have done in the circumstances to avoid an accident, she is not chargeable with negligence or contributory negligence.''

The trial court thoroughly instructed the jury on negligence, giving B.A.J.I. No. 101, the basic definition, No. 101-C and No. 101-I. As the court noted in refusing additionally to give No. 101-E: ''The issue is whether plaintiff exercised ordinary care in using the stairs [,] not that she was exercis-

---

[2]See also *Montijo* v. *Western Greyhound Lines,* 219 Cal.App.2d 342, 346 [33 Cal.Rptr. 184], where plaintiff alleged that defendant's stairway was constructed in violation of applicable ordinance. She contended defendant was therefore negligent per se, and she was entitled to recover for injuries sustained in a fall on the stairs. The appellate court affirmed the grant of a new trial in favor of defendant, noting with numerous citations, that no liability attached to a defendant unless its allegedly negligent construction or maintenance proximately caused plaintiff's injuries.

ing ordinary care and should have done something in addition 'to avoid' the accident.''

The ''101 Group'' instructions define negligence and particularize the definitions as appropriate to given factual contexts. They are redundant in that many of the principles of law covered in one of the instructions are repeated with perhaps emphasis in others. In *Luis* v. *Cavin,* 88 Cal.App.2d 107, the court says at page 115 [198 P.2d 563] : ''The well-settled rule is that it is not error for a court to refuse a requested instruction if the subject matter thereof is substantially incorporated in the instructions given. A party is not entitled to have the jury instructed in any particular phraseology, and may not complain on the ground that his requested instructions are refused if the court, of its own motion or otherwise, correctly announces the substance of the law applicable to the case. (*Huston* v. *Schohr,* 63 Cal.App.2d 267, 277 [146 P.2d 730].) ''

B.A.J.I. No. 102-B was properly refused by the trial court as factually inapplicable to the instant case. The court stated there was ''no evidence'' appellant was working in a ''dangerous'' place, that she was required to take unusual risks, or that she was ''required'' to use the particular stairway involved. Appellant concedes her employment was neither dangerous nor involved unusual risks, but argues that she was ''required'' in practical effect to use the rear stairway, and therefore the instruction should have been given.

The evidence shows there were two stairways in the building—one in the front and one in the rear—which appellant might have used, and there is no evidence she was in fact required to use the one in the rear. ■ In any event, a court is not bound to separate the applicable portion of an instruction from the inapplicable, nor obligated to modify a requested instruction. The court may, in a civil case where a portion of the proffered instruction is clearly and concededly inapplicable, refuse the instruction completely. (*Anaheim Bldrs. Supply, Inc.* v. *Lincoln Nat. Life Ins. Co.,* 233 Cal.App.2d 400, 413 [43 Cal.Rptr. 494] ; *Jaeger* v. *Chapman,* 95 Cal.App.2d 520, 525 [213 P.2d 404].)

In addition, as pointed out in the annotation to B.A.J.I. No. 102-B, no principle of law is stated in this instruction not already covered in B.A.J.I. No. 102, which latter was given the jury.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.