BRIAN ANDRADE, as Guardian Ad Litem for the minor BRIANA ANDRADE, Plaintiff-Appellant,
v.
EVA-RENEE ELL, Individually, Defendant/Cross-Claimant/Cross-Claim Defendant-Appellee, and
BERNICE FLORES, Individually and as Guardian Ad Litem for the minor KAYLA FLORES; ROBERT FLORES, Individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE JOINT VENTURES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Inclusive, Defendants-Appellees.
No. 29180
Intermediate Court of Appeals of Hawaii.
July 2, 2009.
On the briefs:
Robert P. Marx for Plaintiff-Appellant.
Roy F. Hughes and Ralph R. LaFountaine (Hughes & LaFountaine) for Defendant/Cross-Claimant/ Cross-Claim Defendant-Appellee Eva-Renee Ell.

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Nakamura and Fujise, JJ.)
Plaintiff-Appellant Brian Andrade, as Guardian Ad Litem for the minor Briana Andrade (Briana), (Brian Andrade as Guardian Ad Litem for Briana shall be referred to as Andrade) appeals from the First Amended Judgment Upon Special Verdict (Judgment) filed on July 21, 2008 in the Circuit Court of the Third Circuit (circuit court).[1] The circuit court entered judgment in favor of Defendant/Cross-Claimant/Cross-Claim Defendant-Appellee Eva-Renee Ell (Ell) and against Andrade.
On appeal, Andrade contends the circuit court erred by (1) denying Andrade's oral motion for mistrial; (2) denying Andrade's March 19, 2008 Motion for New Trial; (3) admitting evidence of the prior accident of Defendant Kayla Flores (Kayla), at which Briana was present, because such evidence was improper and prejudicial to Briana; and (4) denying Andrade's October 6, 2006 "Motion for Summary Judgment on the Issue of Legal Causation of Passenger Briana Andrade's Conduct." Andrade asks this court to vacate the Judgment and remand the case for a new trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Andrade's points of error as follows:
The circuit court did not abuse its discretion by denying Andrade's motions for mistrial and new trial. Any risk of prejudice created by defense counsel's overheard conversation about whether Briana had been wearing a seatbelt at the time of the accident was cured when the circuit court dismissed Juror 12, who had overheard the conversation; questioned Juror 11 and established that she could not recall any substantive information from, was not affected by, and did not speak with any other juror about her conversation with Juror 12;[2] and instructed the jury that the issue of Briana's seatbelt use or non-use was irrelevant to the case.[3] Because Andrade was not substantially prejudiced by the alleged juror misconduct, the circuit court did not abuse its discretion by denying her motions for mistrial and a new trial.
The circuit court did not abuse its discretion by admitting evidence of Kayla's first accident. In Warshaw v. Rockresorts, Inc., 57 Haw. 645, 562 P.2d 428 (1977), the Hawai'i Supreme Court established that
before evidence of previous accidents may be admitted on the issue of whether or not the condition as it existed was in fact a dangerous one, it must first be shown by the proponent of the evidence that the conditions under which the alleged previous accidents occurred were the same or substantially similar to the one in question.
The strictness of this requirement of similarity of conditions is "much relaxed["], however, when the purpose of the offered evidence is to show notice, since all that is required here is that the previous accident should be such as to attract the defendant's attention to the dangerous situation which resulted in the litigated accident. Laird v. T.W. Mather, Inc., 51 Cal. 2d 210, 220, 331 P.2d 617, 623 (1958) (citations omitted). McCormick, Evidence, supra, note 3 at 475 (similarity requirement relaxed when evidence offered to prove notice).
Id. at 652, 562 P.2d at 434 (parentheses and ellipses omitted; emphasis added). The supreme court continued:
Furthermore, even when sufficient similarity is shown, the admission of evidence of prior similar accidents is within the discretion of a trial court. Evidence of prior similar accidents may be excluded if the danger of unfair surprise, prejudice, confusion of the issues or the consideration of undue consumption of time is disproportionate to the value of the evidence.
Id. at 652-53, 562 P.2d at 434 (citations omitted). See, e.g., Kaeo v. Davis, 68 Haw. 447, 457, 719 P.2d 387, 394 (1986) (holding that "we think the proffered evidence met the `much relaxed standard applicable when admission is sought on the ground that the prior accidents should have attracted the City's attention to a potentially dangerous condition"); Page v. Domino's Pizza, Inc., 80 Hawai'i 204, 205-06 & 208, 908 P.2d 552, 553-54 & 556 (App. 1995) (applying the "much relaxed" standard to admit evidence of prior incidents involving the collapse of stools for purposes of showing notice).
In the instant case, at issue was whether Andrade had notice of a potentially dangerous condition. For the limited purpose of showing such notice, the circuit court admitted evidence of Kayla's first accident, which was substantially similar to the second;[4] did not unfairly surprise or prejudice Briana who was present at, and thus aware of, the first accident; did not cause confusion of the issues, where the circuit court offered to provide a limiting instruction, which Andrade declined; and did not consume an inordinate amount of time. See Page, 80 Hawai'i at 208, 908 P. 2d at 556. The circuit court, therefore, did not abuse its discretion by admitting evidence of the first accident and was not wrong in denying Andrade's motion for summary judgment.
Therefore,
IT IS HEREBY ORDERED that the First Amended Judgment Upon Special Verdict filed on July 21, 2008, in the Circuit Court of the Third Circuit is affirmed.
NOTES
[1] The Honorable Greg K. Nakamura presided.
[2] Specifically, Juror 11 testified as follows:

THE COURT: Uh, [Juror 12] reported to us that, uh, you and she had a conversation about, urn, what she might have overheard last night. Is that true you 
THE JUROR: Yeah.
THE COURT:  folks have a conversation? Okay, what did she say to you?
THE JUROR:... [Juror 12] saw the defendant's attorney there, um, speaking with  I thought she said two men and, um, she said she sort of overheard "14-year-old driver," and that's  that's all she told me.
THE COURT: Okay, anything else?
THE JUROR:... [S]he kinda told me where he was sit -seated in comparison to herself.
THE COURT: Mmm.
THE JUROR: And, um, that he had walked past but that he didn't see her.
THE COURT: Okay. Anything else about the conversation that she overheard?
THE JUROR: No.
. . . .
THE COURT: And did you say anything to anybody else about

THE JUROR: No.
THE COURT:  what [Juror 12] reported?
THE JUROR: No.
THE COURT: Okay. Did this conversation with [Juror 12] have any impact upon you as to how you view this case?
THE JUROR: No.
THE COURT: Okay. [Andrade's Counsel]?
[ANDRADE'S COUNSEL]:... [D]idn't [Juror 12] tell you a little bit more substantive about the conversation she heard, uh, overheard the two men and [defense counsel] making? Did she say something a bit more to you about that?
THE JUROR: Honestly, that's all I can remember, but he had spoken to someone else, and she said 14-year-old driver. That's really all I remember her saying as far as their conversation.
[ANDRADE'S COUNSEL]: Okay, nothing about the conduct of driver or conduct of  of anyone else?
THE JUROR: No.
[3] In its reply to the jury communication asking if Briana was wearing a seatbelt, the circuit court stated:

1-Whether or not Plaintiff Briana Andrade was wearing a seatbelt is not a relevant fact.
. . .
3-You have received all the evidence that you will receive in this case.
[4] During both the first and second accidents, Kayla operated a vehicle while unlicensed with Briana as a passenger, left her lane of travel, and collided with an object because she was not paying attention.